203    413
211   ¹535

²203    413
¹113a  ¹441

# THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

## ADOLPH RODERT.

*Opinion filed June 16, 1903.*

1. NEGLIGENCE—*degree of care may be shown by circumstantial evidence.* In an action for personal injuries the degree of care exercised by each of the parties may be determined by the jury from the circumstances proven.

2. SAME—*when question whether motorman used due care is one of fact.* The court cannot say, as a matter of law, that a motorman used due care, under evidence that the car was twenty-five feet behind plaintiff's wagon when the motorman sounded the gong and that the speed of the car was not checked until it struck the wagon, although plaintiff started to turn out upon hearing the gong.

3. INSTRUCTIONS—*word "think," as applied to jury, means "believe."* An instruction authorizing the jury to find any fact to be proved "which they *think* may be rightfully and reasonably inferred from the evidence," does not authorize the jury to find facts not logically deducible from the evidence, but restricts them to facts which they believe may be reasonably deduced therefrom.

*North Chicago Street R. R. Co.* v. *Rodert,* 105 Ill. App. 314, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

GEORGE A. MILLER, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Cook county, in an action on the case, awarded the appellee a judgment against the appellant company in the sum of $2000 for damages for personal injuries sustained by appellee through the alleged negligence of the servants of the company. The judgment was affirmed by the Appellate Court for the First District on appeal, and the company has perfected this a further appeal to this court.

The errors assigned are, (1) that the court erred in overruling a motion, entered by the appellant company at the close of all the evidence, to direct the jury to return a peremptory verdict in favor of the company; and (2) that the court erred in granting instruction No. 4 given on behalf of the appellee.

On the 11th day of November, 1897, at about the hour of eleven o'clock A. M., appellee, accompanied by two women, was driving on the east track of the street railway of the appellant company on North Halsted street, in the city of Chicago, in a covered bakery wagon drawn by one horse. A street car of the appellant company was moving northward along the same track in the rear of the bakery wagon. The motorman sounded his gong, and the testimony tended to show that the appellee at once attempted to drive from the track toward the west, and that the car ran into and struck the back part of the wagon, broke one of its wheels and threw the appellee

from his seat in the wagon to the pavement, inflicting the injuries for which the judgment was rendered.

Counsel for the appellant insist there was no evidence tending to show the servants of the appellant company were in anywise negligent or that the appellee was in the exercise of ordinary care for his own safety. The evidence tended to show that the car was some twenty-five feet in the rear of the wagon when the motorman sounded the alarm, and that the motion of the car was not checked, but that it ran at the same rate of speed until it struck and overturned the wagon. In such state of case the court could not say, as matter of law, that the motorman observed due care. The appellee did not become a trespasser by driving on the track of the appellant's road, and the evidence tended to show that he proceeded to drive from the track at once after hearing the gong. There was no evidence to show he was otherwise advised that the car was approaching. It was not essential that it should be made to appear by what is called direct and positive proof, that either the appellee or the servants of the appellant company exercised ordinary care on the occasion in question. The degree of care exercised by each of these parties may be determined by circumstantial evidence, or, as has at other times been stated, may be inferred by the jury from circumstances appearing in proof. (*Illinois Central Railroad Co.* v. *Cragin*, 71 Ill. 177; *Chicago and Atlantic Railway Co.* v. *Carey*, 115 id. 115; *Chicago and Eastern Illinois Railroad Co.* v. *Beaver*, 199 id. 34.) That the appellee exercised due care was fairly to be inferred from the proof. The case was properly submitted to the jury.

Instruction No. 4 was as follows:

"The jury are instructed that in determining what facts are proved in this case they should carefully consider all the evidence given before them, with all the circumstances of the transaction in question as detailed by the witnesses; and they may find any fact to be proved

which they think may be rightfully and reasonably inferred from the·evidence given in the case, although there may be no direct evidence or testimony as to such fact."

It is not contended that any fact necessary to plaintiff's case could not be established by proof of other facts and circumstances from which the jury might rightfully and rationally infer or deduce the truth of the fact affirmed. The contention seems to be that the instruction erroneously allowed the jury too much latitude in regard to drawing inferences, in that, as counsel insist, it authorized the jury to find any fact to be proved "which they (the jury) think may be rightfully and reasonably inferred from the evidence," whether such inference is logically deducible from the evidence or not. The use of the word "think" in the instruction does not authorize the jury to act upon inferences, other than such as logically and properly arise from the proof. The word "think" is defined to mean "to consider," "to believe." (25 Am. & Eng. Ency. of Law,—1st ed.—1058.) Giving this meaning to the word "think," it is clear the instruction restricts the inferences to be drawn by the jury to such as "may be rightfully and reasonably inferred from the evidence," —that is, to such inferences as the jury, in view of the evidence, consider or believe rightfully and reasonably arise from the evidence. What inferences as to the truth of a fact affirmed are logically and reasonably to be drawn from other facts which have been proven must be committed to the judgment and discretion of the jury. The law has no rule by which such inferences may be declared, but the jury must, by the exercise of the mental process commonly called thinking, reasoning or considering, determine what inferences reasonably and rationally arise from facts and circumstances which have been proven.

We do not think either assignment of error is well advanced. The judgment must be and is affirmed.

*Judgment affirmed.*