[S. F. No. 6377.   Department Two.—April 14, 1914.]

## H. DAVIS, Appellant, v. JOHN BREUNER COMPANY (a Corporation) et al., Respondents.

NEGLIGENCE—PEDESTRIAN CROSSING STREET—DUTY TO LOOK BOTH WAYS.—It is the duty of a foot passenger to look both ways before starting to cross a street, particularly when the street is a busy thoroughfare in the heart of the business district of a great city.

ID.—COLLISION WITH AUTOMOBILE RUNNING AT PROHIBITED SPEED—CONTRIBUTORY NEGLIGENCE OF INJURED PERSON.—In this action to recover for personal injuries received by a pedestrian from being struck by an automobile while he was crossing a street, the evidence is sufficient to justify the conclusion that he was guilty of contributory negligence barring his recovery, notwithstanding the driver of the machine was operating it at a speed prohibited by ordinance and hence was negligent as a matter of law.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Clinton G. Dodge, and Philip M. Walsh, for Appellant.

Hamilton A. Bauer, and Snook & Church, for Respondents.

MELVIN, J.—Plaintiff sued for damages on account of personal injuries caused by an automobile driven by defendant Hollenbeck, running him down on a public street of the city of Oakland. The case was tried by the court, without a jury, and judgment was given in favor of defendants.

This appeal is from the judgment and from· an order denying plaintiff's motion for a new trial.

It was alleged in the complaint and found by the court that at the time of the accident defendant Hollenbeck was guilty of negligence in that he was driving at a rate of speed prohibited by an ordinance of the city of Oakland and that, in further violation of said by-law, he failed to give any alarm or warning of the approach of the automobile before reaching the crossing where he injured plaintiff. But there were further findings that the said automobile would not have run against plaintiff if he had not been careless and negligent in crossing the street without looking to see if any vehicles were approaching, and that the injuries sustained by plaintiff were caused by his own negligence directly contributing thereto. There was also a finding that although the defendant Hollenbeck was employed generally as a salesman by John Breuner Company, the other defendant, he was not engaged in his master's business at the time of the accident.

Appellant attacks both of these findings as unsupported by the evidence. We will .first examine the one involving contributory negligence, and if that is supported the other need not be considered, because obviously if the driver of the motor car was not guilty of such negligence as made him liable under the facts revealed by the evidence his principal would be also exonerated. (*Bradley* v. *Rosenthal,* 154 Cal. 425, [125 Am. St. Rep. 171, 97 Pac. 875].)

The plaintiff testified that when he came south on the west side of Broadway he looked up and down Tenth Street as soon as he passed the property line and he saw no automobile approaching from the direction either of Franklin Street to the east or Washington Street to the west. He then crossed the sidewalk, a distance of fourteen feet and started across Tenth Street. When six or eight feet from the curb he was struck by the automobile which approached from the east. When asked what direction he was looking when he was struck he replied, "I was looking right straight in the center." On cross-examination he said that when he stepped off the curbing into the roadway of Tenth Street he was looking straight ahead. The only other witness to the direction in which Mr. Davis was looking was the defendant Hollenbeck, who said that when he saw plaintiff an instant before the impact of the vehicle against him Mr. Davis had his head turned away over his right shoulder. This would direct his eyes away from the approaching motor car. Appellant insists that the trial court must have discarded Hollenbeck's testimony because of the finding, directly contrary to his statement, that the automobile was moving at a rate of speed in excess of ten miles an hour—the maximum rate allowed by the ordinance. But it does not follow that because the court adopted the views of other witnesses on the difficult matter of rate of speed the entire testimony of Mr. Hollenbeck was rejected and his statement upon a subject not of judgment and deduction but of simple observation was absolutely disregarded. Certain it is that there was enough testimony to justify the court in the conclusion that the plaintiff was guilty of contributory negligence barring his recovery. Unless the court having the duty of trying the case has violated its discretion, this court will not interfere if any of the evidence, upon a reasonable view thereof, supports the findings and judgment. Here there was ample justification for the finding that the plaintiff walked heedlessly into danger without taking the most ordinary precautions for his safety. It is the duty of a foot passenger to look both ways before starting to cross a street, particularly when, as in this instance, the street over which he intends to pass is a busy thoroughfare in the heart of the business district of a great city. (*Niosi* v. *Empire Steam Laundry Co.*, 117 Cal. 257, [49 Pac.

185] ; *Brown* v. *Brashear,* 22 Cal. App. 135, [133 Pac. 506].)
The mere fact that defendant Hollenbeck was violating an
ordinance and was therefore, as matter of law, guilty of neg-
ligence, did not preclude the court from finding that the plain-
tiff's negligence was the efficient and proximate cause of the
injuries suffered by him. In all such cases the negligence of a
plaintiff which directly contributes to the injury bars a recov-
ery. (*Flemming* v. *Western Pacific Ry. Co.,* 49 Cal. 253;
*Jamison* v. *San Jose etc. R. R. Co.,* 55 Cal. 595; *Nagle* v. *Cali-
fornia Southern R. R. Co.,* 88 Cal. 92, [25 Pac. 1106] ; *Lambert*
v. *Southern Pacific Co.,* 146 Cal. 236, [79 Pac. 873] ; *Shade* v.
*Bay Counties Power Co.,* 152 Cal. 11, [92 Pac. 62] ; *Brown*
v *Pacific Electric Ry. Co., ante,* p. 200, [138 Pac. 1005].)

The conclusion which we have reached regarding the find-
ing upon the subject of contributory negligence makes it un-
necessary to discuss the finding that Hollenbeck was not
acting as the agent of John Breuner Company when the acci-
dent occurred.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.