[Civ. No. 4443.   Second Appellate District, Division One.—September 3, 1924.]

## PHYLLIS A. LORD, Appellant, v. MARY MAUDE STACY, Respondent.

[1] NEGLIGENCE—PEDESTRIAN STRUCK BY AUTOMOBILE—DAMAGES—DEGREE OF LIGHT FURNISHED BY HEADLIGHTS—FINDING—EVIDENCE—ABSENCE OF PREJUDICE.—In an action for damages for personal injuries sustained by a pedestrian from being struck by an automobile when she stepped on to a street, where there was sufficient evidence to show that the lights on the automobile were very bright, and that they could be seen for a distance of at least three hundred feet, thus affording sufficient light to show plaintiff,

---

1.   See 2 Cal. Jur. 1028, 1032; 2 R. C. L. 202.

when she stepped on to the street, the presence of the approaching automobile, and the danger to which she would expose herself, should she attempt to pass in front of it, it cannot be said that the plaintiff was in any way prejudiced by a finding that the automobile was equipped with headlights which could be seen for a distance of two or three hundred yards.

[2] Id.—Rate of Speed of Car — Finding — Evidence — Appeal.—In such action, where the evidence as to the rate of speed at which defendant was operating her car at the time of accident was conflicting, and there was evidence which supported the finding of the trial court as to the rate of speed at which the car was being operated at the time, such finding will not be disturbed on appeal.

[3] Id.—Contributory Negligence.—In such action recovery by plaintiff was precluded, notwithstanding the negligence of the defendant, where the evidence was sufficient to justify the finding of the trial court that the plaintiff was guilty of negligence which proximately contributed to her injury.

[4] Id.—Pedestrian About to Cross City Street—Duty to Look. It is the duty of a person about to cross a city street, immediately before placing himself in a position of danger, to look in the direction from which danger is anticipated.

---

(1) 28 **Cyc.**, p. 47.   (2) 4 **C. J.**, p. 884, sec. 2855.   (3) 28 **Cyc.**, pp. 37, 47.   (4) 28 **Cyc.**, p. 914.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Edwin F. Hahn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Miguel Estudillo and K. E. Schwinn for Appellant.

George L. Greer for Respondent.

CURTIS, J.—Action to recover damages for injuries sustained by plaintiff by being run over by an automobile driven by defendant.   The accident happened near the in-

---

2. See 2 **Cal. Jur.** 921; 2 **R. C. L.** 204.
3. See 3 **Cal. Jur.** 927; 19 **Cal. Jur.** 644; 20 **R. C. L.** 99.
4. Duty of pedestrians to look out for automobiles, notes, 4 **Ann. Cas.** 398; Ann. Cas. 1914A, 249; 3 **L. R. A.** (N. S.) 345; 20 **L. R. A.** (N. S.) 232; 38 **L. R. A.** (N. S.) 488; 42 **L. R. A.** (N. S.) 1179. See, also, 3 **Cal. Jur.** 871; 19 **Cal. Jur.** 93; 2 **R. C. L.** 1186.

Pedestrian's duty, before crossing street, to look for automobiles approaching on intersecting street, note, 9 **A. L. R.** 1248.

tersection of Lake Avenue and Del Mar Street, in the city
of Pasadena, on the evening of January 27, 1921, at about
6:45 o'clock. Lake Avenue runs in a northerly and south-
erly direction, and there is a street-car line thereon, on
which the Oak Knoll car is operated. On the evening of
the accident a street-car was running northerly on Lake
Avenue. Along the same street and moving in the same
direction in which the car was traveling, the defendant was
operating her automobile. When near the intersection of
the two streets above named, defendant's car collided with
plaintiff, who had stepped from the east sidewalk of Lake
Avenue on to the street for the purpose of taking the street-
car. It was raining at the time and plaintiff was carrying
an umbrella, and had it raised for the purpose of protecting
herself from the falling rain. Plaintiff testified that after
she stepped from the sidewalk on to the street, she turned
toward the rear of the street-car; that she was then carrying
her umbrella over her right shoulder, and that there was
nothing to obstruct her view to the left; that her eyes were
turned to the south and she was looking to see whether there
was an automobile coming from that direction; that she
took three or four steps after leaving the sidewalk, when
she saw the light of defendant's automobile about ten feet
from her, and that was the last she knew. Defendant testi-
fied that the windshield of her automobile was wet from the
rain which to a certain extent prevented her from clearly
seeing objects in the street in front of her; that she did
not see the plaintiff, but that she did see two other ladies
who were standing in the street near the car line waiting for
the car, and that she turned the course of her car slightly
to the right to avoid hitting these ladies. Defendant's car
was equipped with headlights which, according to the court's
findings, were bright and could be seen from a distance of
from two to three hundred yards. Defendant testified that at
the time of the accident, and for some time immediately
prior thereto, and while traveling a distance of at least 150
feet, she was operating her automobile on the easterly side of
Lake Avenue, between the easterly track of the street-car
line and the easterly curb of Lake Avenue. The court found
that defendant was not operating her car at any great or
rapid rate of speed, but in an ordinary and usual manner,

and at a rate of speed not exceeding fifteen miles per hour. The court further found that the plaintiff heedlessly stepped directly in the path of defendant's automobile and was struck by the right front fender thereof. Judgment was in favor of the defendant and plaintiff has appealed. Her appeal is based principally upon the contention that the evidence is insufficient to sustain the findings.

[1] The first point made by her is that there is no evidence to support the finding that defendant's automobile was equipped with headlights "which were very bright and could be seen for a distance of two or three hundred yards." While we are unable to find any testimony that would sustain the finding of the court that the headlights could be seen for a distance of two or three hundred yards, there is ample evidence in the record to show that the lights on defendant's automobile were very bright, and that they could be seen for a distance of at least three hundred feet. This being the case, they afforded sufficient light to show plaintiff, when she stepped on to the street, the presence of the approaching automobile, and the danger to which she would expose herself, should she attempt to pass in front of it. Under these circumstances, we are not able to say that the plaintiff was in any way prejudiced by this finding of the court.

[2] The evidence as to the rate of speed at which defendant was operating her car at the time of the accident was conflicting. Inasmuch as there was evidence given at the trial which supports the finding of the trial court as to the rate of speed at which the car was being operated at the time, such finding will not be disturbed by this court.

It is further claimed by appellant that defendant was grossly negligent in the manner in which she operated her car just prior to and at the time of the accident, and that her negligence was the proximate cause of the injury to plaintiff. There can be no question from the evidence that the defendant was guilty of negligence of a very extreme character in driving her car along the street at a point where passengers were waiting in the street to take the street-car, which the defendant could plainly see was approaching the regular stopping place. The windshield of her car was wet from the rain and she stated that she did not see plaintiff in the street, but that she did see the two ladies who had

preceded plaintiff into the street, and, according to her testimony, fearing that she was traveling at such a rapid rate of speed that she could not stop her car without skidding on the wet pavement, she turned her car slightly to the right for the purpose of avoiding the two ladies, and ran upon plaintiff, who was nearer the east curb of the street. If plaintiff were permitted to rest her case upon these facts alone, there might be no question of her right to recover for the damages sustained by the collision.

The further evidence, however, shows that the car of defendant, with its brightly burning headlights, was approaching the street intersection at the time plaintiff stepped into the street. Plaintiff testified that she took three or four steps after leaving the sidewalk, when she saw the lights of defendant's automobile about ten feet from her, and that was the last she knew. Evidently she was struck by the machine after taking not exceeding four steps from the sidewalk. The machine, therefore, could not have been any great distance from her at the time she stepped into the street. Had she looked in its direction she could not but have observed it as it approached her, and the court found that had plaintiff looked in a southerly direction prior to her stepping into the street, she could have seen the automobile driven by the defendant. While the plaintiff claims that she did look, yet in view of this finding of the court, she is placed in one of two positions: If she did look and saw the automobile approaching her and deliberately stepped in front of it, she was guilty of contributory negligence. On the other hand, if she failed to look to the south, and we think this is the interpretation to be given to the finding of the court, then it was negligence upon her part to step into the street without first satisfying herself that she could do so with safety. [3] In either event, the evidence would be sufficient to justify the finding of the court that the plaintiff was guilty of negligence which proximately contributed to her injury. This would preclude her recovery, notwithstanding the negligence of the defendant.

[4] That it is the duty of a person about to cross a city street, immediately before placing himself in a position of danger, to look in the direction from which danger is anticipated, has been repeatedly held by the courts of this state.

(*Niosi* v. *Empire Steam Laundry,* 117 Cal. 257–261 [49 Pac. 185]; *Davis* v. *Breuner Co.,* 167 Cal. 683–685 [140 Pac. 586]; *Sheldon* v. *James,* 175 Cal. 474–479 [2 A. L. R. 1493, 166 Pac. 8]; *Mayer* v. *Anderson,* 36 Cal. App. 740–743 [173 Pac. 174]; *Moss* v. *Boynton Co.,* 44 Cal. App. 474 [186 Pac. 631.)

Appellant has called our attention to the following cases: *Raymond* v. *Hill,* 168 Cal. 473 [143 Pac. 743], *Weihe* v. *Rathjen Mercantile Co.,* 34 Cal. App. 302 [167 Pac. 287], *Courviosier* v. *Burger,* 61 Cal. App. 470 [215 Pac. 93], *Mann* v. *Scott,* 180 Cal. 550 [182 Pac. 281], and *McMullan* v. *Davenport,* 44 Cal. App. 695 [186 Pac. 796], in support of her contention that under all the facts in the present case judgment should have been in her favor. We have examined these cases but are unable to agree with appellant that they enunciate any rule which would justify a reversal of the judgment.

Judgment affirmed.

Conrey, P. J., and Houser, J., concurred.