[Civ. No. 6321. First Appellate District, Division Two.—June 12, 1928.]

CHING WING, as Administrator, etc., Appellant, v. FRANK KISHI, Respondent.

Harry M. Irwin for Appellant.

J. Marion Wright for Respondent.

PRESTON, (H. L.), P. J., *pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendant in an action for damages for the death of plaintiff's intestate Ching Wing Sing.

Ching Wing Sing was killed at a street crossing in the city of Los Angeles by being struck by an automobile truck driven by defendant.

Plaintiff alleges that deceased was killed through the negligent and careless operation of said truck by defendant. Defendant denies any negligence on his part and pleads in

his answer and contends that deceased came to his death by reason of his own negligence and carelessness.

The case was tried by the court sitting without a jury, and the court found that deceased met his death by reason of his own contributory negligence, and rendered judgment accordingly.

Appellant contends that this finding is not supported by the evidence and that the evidence shows that respondent was guilty of gross negligence which caused the death of deceased.

The question of the contributory negligence of deceased, like that of the negligence of defendant, were questions of fact for the trial court to determine from all the evidence in the case. ▮▮▮ When the facts are clear and undisputed, and when no other inference than that of negligence, or contributory negligence, can be drawn from such facts, then, and only then, is the question of negligence or contributory negligence one of law. (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 476 [186 Pac. 631]; *Fike* v. *San Joaquin Light & Power Co.*, 73 Cal. App. 712 [239 Pac. 344], and cases there cited.)

▮▮▮ The law, of course, is also well established that any finding of the trial court upon conflicting evidence is conclusive, and all reasonable inferences are to be indulged in support of such finding. (*Treadwell* v. *Nickel*, 194 Cal. 243 [228 Pac. 25]; *Wilbur* v. *Wilbur*, 197 Cal. 7 [239 Pac. 332].) ▮▮▮ The burden is upon appellant, who claims error, to show its existence. When two or more inferences can be reasonably deduced from a certain state of facts or circumstances, a reviewing court is not permitted to substitute its deductions for those of the trial court. (*Wilbur* v. *Wilbur, supra.*)

▮▮▮ When appellant contends, as he does in the case at bar, that any particular finding is not supported by the evidence, our power begins and ends with the inquiry whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusions reached by the trial court. If, upon any material point, the testimony is in conflict, it must be assumed that the trial court resolved the conflict in favor of the prevailing party. (*Gjurich* v. *Fieg*, 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464]; *Treadwell* v. *Nickel, supra.* ▮▮▮ Therefore, the sole question presented on this appeal is

whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the trial court that deceased met his death through his own carelessness and negligence.

The accident occurred in the city of Los Angeles on March 11, 1924, at about the hour of 7 P. M. North Los Angeles Street is a business street in the city of Los Angeles. The deceased attempted to cross from the east side of North Los Angeles Street to the west side thereof at a regular pedestrian crossing. Another man was crossing just in front of him. Respondent was driving his Ford truck south on the west side of Los Angeles Street. There was no other traffic on the street at that time, and the vision of the deceased was unobstructed between him and the approaching truck. Deceased, when he entered the street, did not look either to the right or to the left, but looked straight ahead and when he reached the center of Los Angeles Street he did not stop or look north, from which the traffic would come, but looked straight ahead and continued on his course until he reached a point about five feet east of the west side of Los Angeles Street, when he was struck by respondent's truck and instantly killed. There is some evidence in the record that respondent was traveling at an unlawful rate of speed. Respondent testified that he did not see the deceased until he was within about five feet of him, and that he turned his car to avoid hitting the man in front of deceased, and as he did the deceased "jumped," as he expressed it, in front of his truck and was struck.

The foregoing is only a brief summary of the evidence produced at the trial; it would serve no useful purpose to state it all in detail. We have, however, examined the entire record with care and are satisfied that the trial court was warranted in finding that deceased was guilty of contributory negligence, which caused his death.

██ It was the duty of the deceased, as the act of an ordinary prudent person, immediately before placing himself in a position of danger, to look in the direction from which danger was to be anticipated. This was a continuing duty and would not have been met by looking once and then looking away. In the exercise of ordinary care, it was the duty of deceased, as well as it is the duty of every pedes-

trian, "to look to the right and to the left whenever he has voluntarily put himself in a position which might be one of peril, coming from either side." (*Sheldon* v. *James*, 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]; *Moss* v. *H. R. Boynton Co., supra; Straten* v. *Spencer*, 52 Cal. App. 98 [197 Pac. 540]; *Davis* v. *Breuner Co.*, 167 Cal. 683 [140 Pac. 586]; *Lord* v. *Stacy*, 68 Cal. App. 517 [229 Pac. 874].)

The evidence shows that for a hundred and fifty feet to two hundred feet the deceased had a clear and unobstructed view to the north from whence respondent's truck was approaching, and that its lights were on. He, therefore, could have seen the truck at all times if he had looked, and could have used ordinary care for his own protection. If he did not look, then it was contributory negligence on his part, as no man is permitted to cross a busy thoroughfare without looking both ways for vehicles and traffic which might be expected thereon.

The mere fact that respondent might have been traveling at an unlawful rate of speed and, therefore, guilty of negligence, would not preclude the court from finding that deceased's own negligence was the efficient and proximate cause of his death. In such a case, if the negligence of deceased directly contributed to his death, then appellant cannot recover. (*Davis* v. *Breuner Co., supra,* and case there cited; *Lord* v. *Stacy, supra.*)

We are not to be understood, however, as holding that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching. If that were so, he never could attempt to cross a street upon which automobiles are being operated; he has a right to expect that persons operating automobiles upon a public street will operate them in the manner and at the speed customary at the particular place. We think the following authorities sustain this position: *Scott* v. *San Bernardino etc. Co.*, 152 Cal. 604 [93 Pac. 677]; *Clark* v. *Bennett*, 123 Cal. 275 [55 Pac. 908]; *Schneider* v. *Market Street Ry. Co.*, 134 Cal. 482 [66 Pac. 734]; *Erdevig* v. *Market Street Ry. Co.*, 203 Cal. 367 [264 Pac. 252]. While the above authorities all deal with the right and duties of a pedestrian in crossing a city street in front of an approaching street-car, still we think the same rule should govern

in a case of a pedestrian crossing in front of an automobile. ■ What we do hold is, that whether deceased was guilty of contributory negligence in attempting to cross the street in front of respondent's approaching truck, depends upon all the circumstances under which he acted, and the question is one of fact for the determination of the trial court. Its finding that deceased was guilty of contributory negligence finds support in the evidence and is, therefore, binding upon this court.

■ Appellant lays great stress upon the admission of respondent, on cross-examination, to the effect that he did not see the deceased until his truck struck him and that he did not see the man in front of deceased until he was within about five feet of the "first man," and he then suddenly turned his truck to the left to avoid hitting the "first man," and when he did so, he struck deceased.

Appellant contends that this shows gross negligence on the part of respondent. It is true that there is some contradiction in the testimony of respondent, but the amount of weight and credit to be given to the testimony of respondent was a question for the trial court, and whether respondent was guilty of negligence in suddenly turning his truck to the left was, likewise, a question of fact to be determined by the trial court in the light of all the other facts and circumstances revealed by the evidence.

We find no reason for disturbing the conclusions reached by the trial court.

The judgment is, therefore, affirmed.

Sturtevant, J., and Nourse, J., concurred.