[Civ. No. 6261. Second Appellate District, Division Two.—November 20, 1929.]

NELLIE HARE, Respondent, v. M. E. CANFIELD, Appellant.

W. I. Gilbert for Appellant.

Harry D. Parker for Respondent.

CRAIG, Acting P. J.—The respondent was injured by appellant's automobile while attempting to walk across a public street in the city of Los Angeles, and this is an appeal from a judgment rendered in her favor, holding that appellant was negligent, and rejecting a plea of contributory negligence.

Appellant concedes that the determination of the question here presented must be governed by the evidence given on behalf of the respondent. It is also agreed that respondent walked from her automobile on the westerly side

of Glendale Boulevard, to the safety zone, on the easterly side thereof, and that appellant was driving in a northerly direction upon said thoroughfare. Respondent testified that she first saw appellant's headlights when he appeared to be 250 or 300 feet away; that as she reached the middle of the street it was about 200 feet from her, and that it was in the middle of the street and about 100 feet distant when she arrived at the safety zone which a diagram indicated as being 11 feet 4 inches from the easterly curb. It appears that as she approached within about 18 inches of the curb, appellant struck her with his machine.

It is argued that respondent, seeing the automobile at a distance upon a busy street should have anticipated danger, that there is an easterly curve at the point of contact, and that it was negligence upon her part in attempting to cross after observing the lights of the approaching car. She testified, however, that she did not know the speed of the machine, that she was in the diagonal crosswalk provided for pedestrians, and that she watched the automobile nearly all of the time until she neared the easterly safety zone. The trial court may well have concluded that respondent was justified in anticipating that one approaching from far down the street, with headlights, would be alert for pedestrians upon a crosswalk. It is admitted that the accident occurred in front of a public house of worship where pedestrian and vehicular traffic might at any time be heavily congested, and a photograph which was introduced in evidence shows that the curve in the street, which appellant stresses, is not such as to obstruct the view of drivers. Reliance is attempted to be placed upon *Lord* v. *Stacy*, 68 Cal. App. 517 [229 Pac. 874], wherein a pedestrian was struck by an automobile whose lights she first saw when stepping from the curb. The distinction is obvious. The rule of ordinary care with which pedestrians are charged in such cases, and to which the appellant here assiduously adheres, cannot be invoked to the exclusion of other considerations. Resolving all intendments in favor of the judgment, and in view of appellant's admission that he did not see the respondent in full view of his lights nor know of her presence in the street until he felt the impact, we do not deem it necessary to further

discuss the evidence in this respect, nor do we think the court erred. (*Minor* v. *Foote*, 100 Cal. App. 441 [280 Pac. 197].) ■ Contributory negligence is a question of law only when the evidence in a given case compels one inference, that is, the negligence of the plaintiff. (*Power* v. *Crown Stage Co.*, 82 Cal. App. 660 [256 Pac. 457].)

■ The only other contention of appellant is that the trial court allowed excessive damages for nursing and caring for the respondent. It appears that she remained for a period of about three months at the home of a Mrs. Richardson, who, it is argued, was not a professional nurse. The attending physician testified that the average charge for an outside nurse is "around $40 a week, when they give them nursing, care and board." For aught that the record may reveal, Mrs. Richardson may have been a professional nurse. We are unable to find in her testimony or that of the doctor that she was not. It is also objected that this evidence was incompetent and irrelevant for the reason that the doctor did not qualify as an expert upon the question of usual charges when practical nurses are employed. No objection was interposed in the court below as to the evidence offered in these respects, and we are not called upon to consider the qualifications of the witness nor the reasonable character of the charges presented for the first time upon appeal.

The judgment is affirmed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.*, concurred.