## NORTHWEST STATES UTILITIES CO. v. ASHTON

(No. 1965; February 23, 1937; 65 Pac. (2d) 235)

(Rehearing denied July 6, 1937)

170

For the plaintiff in error there was a brief by *C. A. Kutcher* of Sheridan, Wyoming, and oral argument by *Mr. Kutcher.*

174

For the defendant in error, there was a brief by *R. E. McNally* and *John G. Hutton,* both of Sheridan, and *E. E. Enterline* and *Madge Enterline,* both of Casper, and oral arguments by *Messrs. Enterline* and *McNally.*

TIDBALL, District Judge.

This is a companion case to that of the same plaintiff in error against Weldon Brouilette, decided this day. W. L. Ashton is the one who lighted the match that caused the explosion in the Brouilette case, and was injured at the same time. He recovered a verdict against the gas company for $7500 in the trial court and the gas company has prosecuted error in this court. It will not be necessary to restate the facts here nor to pass upon the questions relating to the applications made in the trial court for directed verdicts and motion for judgment non obstante veredicto. What was said in the Brouilette case concerning those matters applies equally to the case now under consideration.

But there are some matters that arose in this case, that are not disposed of by the opinion in the Brouilette case, which it will be necessary to discuss.

The first relates to the instruction given by the trial court on circumstantial evidence and its refusal to give those requested by defendant. Plaintiff's case in its proof that the substance that exploded was the natural gas of the defendant company and that it leaked from the meter, house line or other equipment in the basement and not from the water heater in the furnace room, nor from the Ashton apartment, was based entirely upon circumstantial evidence, as will be seen from the opinion in the Brouilette case, so the matter

of proper instructions on the question of circumstantial evidence was important. The court gave the jury, over the defendant's exception, the following instruction:

"Evidence may be of two kinds, direct and circumstantial. Direct evidence is where a witness testifies of his own personal knowledge to the main fact or facts to be proven. Circumstantial evidence is evidence of certain facts and circumstances from which the jury may infer other and connected facts which usually and reasonably follow according to the common experience of mankind.

"In determining what facts are proved in this case, you should carefully consider all the evidence given before you with all the circumstances in evidence, and you may draw from them such inferences as in your judgment and from your experience reasonably follow. But the mere possibility that a fact existed, or a thing occurred, is not sufficient under the rule of circumstantial evidence, nor does the rule permit resort to guessing, speculation or conjecture."

We do not understand that defendant objects to what is said in the above instruction, his exception thereto being that it fails to say enough.

Defendant requested the giving of the following three instructions, which were refused:

Instruction No. H. "You are instructed that the plaintiff has charged, and must prove, by a preponderance of the evidence, that the substance which exploded and injured him on the 11th day of February, 1933, was the natural gas of this defendant company, and if you believe from the evidence that he has failed to so prove that charge, or if from all the evidence, you believe it just as reasonably probable that some other gas produced the explosion as the natural gas of defendant, then you are not permitted to guess or conjecture, but should return a verdict for defendant.

Instruction No. L. "You are instructed that you have no right to go outside of the evidence in this case in arriving at a verdict. And you have no right to guess or speculate or conjecture in deciding any of the issues

or in any wise substitute a mere guess or conjecture for the want of evidence upon any question of fact at issue. The burden of proof is upon the plaintiff. And if, from the evidence, you believe it just as probable that the explosion in question occurred by some other cause as by any negligence of the defendant, *or if the evidence leaves it doubtful in your minds as to the real cause of the accident,* which may as well be attributed to unknown causes as to any negligence of defendant, then you would have no right to guess or conjecture, but should return a verdict for the defendant.

Instruction No. M. "You are instructed that in order for a conclusion to be established by circumstantial evidence, the facts relied upon must be such a nature and so related that no other conclusion can be reasonably drawn in view of all the evidence in the case. And if, from all the evidence, it appears that a conclusion otherwise warranted by circumstantial evidence is overcome by direct and positive proof then, of course, the facts in issue must be determined by the greater weight of the evidence. You have the right to draw reasonable inferences from facts and circumstances in evidence, but the mere possibility that a fact existed, or a thing occurred, is not sufficient proof under the rule of circumstantial evidence. Neither does the rule permit any resort to guessing, speculation or conjecture."

We think Instruction No. L was properly refused because it requires the jury to be satisfied beyond all doubt as to the cause of the accident. That would not be required even in a criminal case; there the jury would need be satisfied only beyond all reasonable doubt.

Instruction No. M requested was undoubtedly taken from the language of this court used in the case of Tisthammer v. U. P. Railroad Co., 41 Wyo. 382, at page 392, 286 Pac. 377, at page 380. In that case this court quoted from a Missouri case, which in turn quoted the language of 17 Cyc. 817, to the effect that in a civil action a conclusion is not supported by circumstantial evidence unless the facts relied on are of such a nature

and so related to each other that "no other conclusion can fairly or reasonably be drawn from them." It should be noted that in the Tisthammer case, what the court really decided was that but one conclusion could reasonably be drawn from the evidence, and that was that the cattle killed by the railroad's engine were struck on the highway crossing and not on the railroad right-of-way, and hence there was no evidence to sustain the plaintiff's case, and, consequently, a verdict for defendant should have been instructed. So there was no question in that case of drawing different conclusions from circumstantial evidence, and the court's attention was not directed by the facts in the case before it to the precise point raised in the case at bar. This rule is again set forth In Re Lane's Estate, (Wyo.) 60 Pac. (2d) 360, at page 363, where a West Virginia case is quoted from, but in that case, too, the court found as a matter of law that the evidence did not sustain plaintiff's claim and there was no question of choosing between different reasonable conclusions.

While it is undoubtedly true that in a criminal case, the defendant being entitled to an acquittal unless proved guilty beyond all reasonable doubt, if the proof of his guilt depends on conclusions or inferences to be deduced from purely circumstantial evidence, it is proper to instruct the jury that if an inference of innocence can reasonably be drawn from the evidence, a reasonable doubt as to his guilt exists and he is entitled to the benefit of such doubt (see Gardner v. State, 27 Wyo. 316, 196 Pac. 750), we do not think the same rule should be applied in a civil action where the duty of the jury is to determine no more than on which side lies the preponderance of the evidence. In such case the rule should be that the inference or conclusions reasonably to be made from circumstantial evidence need not be irreconcilable with any other reasonable inference but it becomes rather a question of prepon-

derance of reasonable inferences. 1 Greenleaf Ev. (14th ed.) § 13a; Jones, Ev. (2d ed.) Vol. 1, p. 23; 1 Wigmore Ev. (2d ed.) § 38.

Although there are very respectable authorities to the contrary, we think the logical rule to apply in civil actions is that where different reasonable inferences may be drawn from circumstantial evidence, the jury may decide which of the several inferences is the more reasonable and return a verdict for that party in whose favor the evidence preponderates, or, in other words, in whose favor the more reasonable inference or inferences preponderate. No doubt a defendant in a civil action is entitled to an instruction that if the jury finds that the more reasonable conclusion drawn from all the circumstances shown by the evidence favors his contention the jury should render its verdict accordingly; or, if the jury finds from all the evidence that two *equally reasonable* inferences or conclusions may be drawn, one favoring the plaintiff and the other the defendant, then the plaintiff has failed to substantiate his case by a preponderance of the evidence and must fail. Hartung v. U. P. R. R. Co., 35 Wyo. 188, 247 Pac. 1071; Carter Oil Co. v. Gibson, 34 Wyo. 53, 241 Pac. 219. But even where two reasonable conclusions may be drawn from the circumstances, one favorable to the plaintiff and the other favorable to the defendant, the jury should be allowed to determine which, if either, of the two conclusions is the more reasonable and return a verdict accordingly, unless the court can say as a matter of law that the two conclusions are equally probable. The Supreme Court of California, in Ogilvie v. Aetna Life Ins. Co., 189 Calif. 406, 209 Pac. 26, 26 A. L. R. 116, at 120, has this to say:

"Complaint is made of the court's refusal to give either of several instructions requested by defendant, to the effect that 'a theory cannot be said to be established in a civil case, where the facts and circumstances,

from which it is sought to establish such theory are consistent with it, and are also consistent with a contrary theory.' It is true that a verdict may not lawfully be predicated upon mere conjecture or speculation, and that when two opposite conclusions appear *equally probable* from all the evidence, neither of them can be said to be proven; but, from the mere fact that both conclusions or theories are consistent with the facts proven, it does not necessarily follow that both are *equally probable.* If, *to the minds of the jury,* under such circumstances, the one fairly appears more probable than the other, it is established by a *preponderance* of the evidence. These instructions were properly refused."

In 23 C. J., 48, it is said:

"It is asserted by a number of authorities that a conclusion is not supported by circumstantial evidence unless the facts relied on are of such a nature and so related to each other that no other conclusion can fairly or reasonably be drawn from them, . . . but there is also authority for the view that it is sufficient for the party having the burden of proof to make out the more probable hypothesis, and that the evidence need not rise to that degree of certainty which will exclude every other reasonable conclusion."

We think it will be found upon careful examination of the cases holding to the "irreconcilable with any other theory" rule, that in many of them, as in the Tisthammer case, what the court actually had in mind was that but one reasonable conclusion could be drawn from the circumstances and that that conclusion was against the party having the burden of proof. In others, as in the case of Shotwell v. Dixon, 163 N. Y. 43, 57 N. E. 178, the court considered the "irreconcilable" rule was a corollary and an equivalent of the sound rule that when the evidence is equally capable of an interpretation consistent with the fact sought to be established and with its non-existence, the fact is not established. But obviously the two statements or rules are not equivalent. When but two equally reasonable

conclusions can be drawn from a set of circumstances, one favoring the existence of a fact and the other its non-existence, the party relying upon the proof of such fact has failed to meet the burden of establishing that fact by a preponderance of the evidence, but to establish such preponderance requires merely that the existence of the fact be made more probable than its non-existence. It does not require that to establish such fact the circumstances must be inconsistent with any other reasonable hypothesis. Such a rule requires proof beyond a reasonable doubt. In an article in United States Law Review, Vol. 67, No. 8, page 396, the author reviews at length the New York cases on this question, and shows that in the first New York case announcing the "irreconcilable with any other theory" rule (Ruppert v. Brooklyn Heights R. Co., 154 N. Y. 90, 47 N. E. 971), the only authority cited for the rule was the case of People v. Harris, 136 N. Y. 423, 33 N. E. 65, a criminal case—murder in the first degree; and furthermore what the court really decided in the Ruppert case was that there was no substantial evidence whatever to sustain plaintiff's case.

In the case of Mooney v. Mooney, 244 Mo. 372, 148 S. W. 896, 901, from which the quotation in the Tisthammer case is taken, the Missouri court quotes from an earlier Missouri case (Connor v. M. P. R. R. Co., 181 Mo. 397, 81 S. W. 145), as establishing the rule of the Mooney case, but we think the quotation falls short of doing so. It is as follows:

"If there is substantial evidence tending to show that an accident occurred in any one of two or more ways, or any other number of ways, while the burden rests upon the plaintiff to establish such cause of the accident as would render the defendant liable, it by no means presents a case of mere conjecture; but is a question of fact, which should be submitted and deter-

mined by the triers of the facts. We only enter the field of conjecture in the absence of proof. When proof enters conjecture disappears."

The earlier Missouri case clearly recognizes the rule contended for here, that where more than one conclusion can reasonably be drawn from circumstantial evidence, it is for the jury to determine which conclusion is the more reasonable or probable.

Iowa is one of the states that has consistently followed the rule that circumstantial evidence in civil cases, in order to establish a fact, must be such that only one conclusion can fairly and reasonably be drawn therefrom and must exclude all other reasonable theories. Yet in a recent case from that jurisdiction (Natalini v. Northwestern Fire & Marine Ins. Co., 219 Ia. 806, 259 N. W. 577), it seems to the writer of this opinion that the Iowa court does not fully comprehend the rule announced; for that court, after announcing the rule as above, says:

"If, therefore, the circumstances relied upon to establish certain ultimate facts are *equally* as consistent with one theory as another, then the party having the burden of proof must fail."

There can be no question that the above quotation stated a correct rule of law, but it is not an equivalent of the "exclusion of every other reasonable hypothesis" rule. Then the Iowa court goes on to say:

"In other words, as applied to the facts in this case, if the circumstances relied upon to connect appellee with the cause of this fire are such that no other reasonable conclusion can be reached therefrom, except that appellee caused or procured the fire in question to be started, then that question should have been submitted to the jury."

The action was to recover on a fire insurance policy for loss suffered by appellee by a fire, the defense being

that he started the fire. The trial court had directed a verdict for appellee on the ground that there was no evidence he started the fire. In the above quotation the Iowa Supreme Court takes the view apparently that before the question of appellee's starting the fire should be submitted to the jury, the court must first determine that no other reasonable conclusion can be reached from the evidence except that appellee started the fire. If that were true, then the court ought to have directed the verdict against appellee. However, later in its discussion of the evidence the court shows that what it really meant was that there was some evidence of a circumstantial nature that appellee started the fire, and therefore the case should have gone to the jury and the jury should have been allowed to decide what inferences were the more reasonable. That would have been the result under the rule we are adopting.

In Hercules Powder Co. v. Nieratko, 113 N. J. L. 195, 173 Atl. 606, at 610, the Supreme Court of New Jersey, we think, correctly analyzes the proposition of proof by circumstantial evidence, saying:

"In civil cases it is sufficient if the circumstantial evidence be such as to afford a fair and reasonable presumption of the facts inferred. Circumstantial or presumptive evidence, as a basis for deductive reasoning in the determination of civil causes, is a mere preponderance of probabilities. All that is required is that the claimed conclusion from the offered facts must be a probable or a more probable hypothesis, with reference to the possibility of other hypotheses. The test is probability rather than certainty."

In Jones Ev. (2d ed.) Vol. 1, page 23, it is said:

"In civil cases, it suffices that the evidence, whether direct or circumstantial, creates a preponderance of the proof. In a civil case circumstantial evidence need not exclude every reasonable conclusion other than that arrived at by the jury."

In the note to this text it is said:

"There has been some conflict in the use of terms descriptive of the rule announced in the text, but we think there is no real conflict in the law. Such statements may be found in the authorities as, for instance, the following: 'If it appears that the facts and circumstances from which a conclusion is sought to be deduced, although consistent with that theory, are equally consistent with some other theory, they do not support the theory contended for.' Neal vs. Chicago, etc. Co., 129 Ia. 5, 2 L. R. A. (N. S.) 905, 105 N. W. 197. . . . . Such statements are undoubtedly correct statements of law, and when viewed in the light of the facts of cases wherein made and properly limited to their terms, have no real tendency to conflict. They simply pronounce the rule that if the probabilities are equal there is no preponderance of evidence, the burden of proof has not been sustained, and no recovery can be had; or, in other words, the converse of the text. Similarly, the statement in the text may otherwise be stated as the familiar rule that 'in a civil case, proof to sustain a burden of proof need not be beyond reasonable doubt.' . . . . Such conflict as there is centers on the word 'exclude.' In a civil case, to warrant recovery on circumstantial evidence, the evidence must 'outweigh' other hypotheses than the one contended for in the sense that evidence sustaining the hypothesis contended for must preponderate as against the others, but it need not 'exclude' them in the sense of conclusive demonstration of impossibility."

In Standard Oil Co. v. Sullivan, 33 Wyo. 223, 237 Pac. 253, this court said:

"When it is said that an award cannot be made on a mere conjecture, it is, of course, not meant that the finding on which the award is based is unsupported by the evidence merely because the trial court might have been justified in making a different finding. The evidence in nearly all cases involving issues of fact will warrant different inferences, and when the trier of the fact has made his finding, the appellate court will not disturb the finding if there is any substantial evidence to support it."

Again, in Loney v. Laramie Auto Co., 36 Wyo. 339,

255 Pac. 350, this court said, speaking of inferences of negligence that might be drawn from undisputed facts:

"The issue of negligence or contributory negligence is ordinarily one to be determined by the jury. This is true even in a case where the testimony, as in the case at bar, is undisputed, if different minds may fairly arrive at different conclusions, and where the inferences from the facts are not so certain that all reasonable men, in the exercise of fair and impartial judgment, must agree upon them."

Again, in Hines v. Sweeney, 28 Wyo. 57, 201 Pac. 165 and 1018, we said:

"Even though the facts are undisputed, still if more than one inference can be drawn therefrom, the question of negligence is for the jury."

Other cases on this general subject, some holding one way, some the other, are: Asche v. Matthews, 136 Kan. 740, 18 P. (2d) 177; Hilson v. Pacific Gas and Electric Co., 131 Cal. App. 427, 21 P. (2d) 662; Hanna v. Magee, 189 Ark. 330, 72 S. W. (2d) 237; Mutual Ben. Health & Accident Ass'n. v. Basham, 191 Ark. 679, 87 S. W. (2d) 583; Erickson v. Todd, 62 S. D. 280, 252 N. W. 879; Bishop v. Botto, 16 Tenn. App. 178, 65 S. W. (2d) 834; Halla v. Bank, 6 Cal. App. (2d) 561, 45 P. (2d) 231; Hall v. Chicago & R. I. P. R. Co., 199 Ia. 607, 199 N. W. 491; Schoepper v. Chemical Co., 113 Mich. 582, 71 N. W. 1081; Griffen v. Boston & A. R. Co., 148 Mass. 143, 19 N. E. 166; Bradbury v. South Norwalk, 80 Conn. 298, 68 Atl. 321; Guillaume v. Wis.-Minn. Co., 161 Wis. 636, 155 N. W. 143; Wells v. Chamberlain, 185 Ia. 264, 168 N. W. 238; North Chicago R. Co. v. Rodert, 203 Ill. 413, 67 N. E. 812; Birmingham Union R. v. Hale, 90 Ala. 8, 8 So. 142.

It follows from what is said above that the trial court committed no error in refusing Instruction No. M requested by defendant.

Instruction No. H seems to correctly state the law.

The substance of it, with the exception of that part regarding equally reasonable conclusions, is embodied in Instruction No. 8, given by the court. There, the court told the jury that the plaintiff, to recover, must show by a preponderance of the evidence that the gas that exploded was natural gas and came from some leak in the regulator, meter, or pipe line running from the alley to the regulator, or from some leak in the house line, and that the defendant was notified of such leak a sufficiently long time before the explosion to find the leak and stop it, and that the escape of the exploding gas was the proximate cause of plaintiff's injury. If it was just as reasonably probable that some other gas produced the explosion as the natural gas of the defendant, as referred to in Instruction No. H, then there would be no evidence preponderating in favor of plaintiff that it was the gas of defendant leaking into the basement, as required in Instruction No. 8 given, before plaintiff could recover; and although it was for the jury to say where the more reasonable probability lay on this question, still the probabilities seem so strong to us that it was the natural gas of defendant that exploded, we do not believe the jury was misled by failure to tell them if the probabilities were equal, plaintiff could not recover, in view of the instruction on preponderance of evidence, nor do we believe that if Instruction No. H had been given it would have made any difference. So we conclude there was no reversible error in failing to give Instruction No. H, though it embodied a correct proposition of law.

On the trial, objection was made to the giving of Instruction No. 13, and exception taken thereto. The ground of objection does not appear in the record, so we do not know whether the trial court was afforded an opportunity to amend the instruction before giving it to remove therefrom the matters raised in this court as objectionable features. If the trial court requested

defendant's counsel to point out the objectionable features, this no doubt would have been done candidly and without any reservations, as it would have been the duty of counsel to do. The instruction is as follows:

Instruction No. 13. "The Court instructs the jury that if you find for the plaintiff, you will assess his damages in such sum of money as in your opinion will be a reasonable and just compensation for the injury he has received, not exceeding the amount sued for. In estimating the damages you will take into consideration the physical and mental pain, if any, he has suffered by reason of such injuries, including disfigurement, if any, he has sustained, his expense for medical services and attendance, hospital care and nursing, if any, and if you believe from the evidence that the plaintiff has not yet fully recovered from such injuries, including his disfigurement, or that his injuries, including disfigurement, are permanent, and that he will thereafter suffer pain and mental anguish therefrom and that his ability to earn money in the future will be impaired by such injuries, then you will also take these elements into consideration in estimating his damages."

The objections to the instruction, as we understand them, are that it tells the jury to include in any verdict it may find for the plaintiff his "expense for medical services and attendance, hospital care and nursing," and any sum they may find reasonable for disfigurement, when there is no evidence in the record that the medical and hospital expenses testified to by plaintiff were necessary and reasonable, nor is there testimony in the record of any disfigurement of the plaintiff. While there is merit in defendant's contentions regarding these matters, we do not think a reversal will be required on account of them. It is true that there is no direct evidence in the record that the expenses for medical attention and hospitalization were reasonable, nor that they were necessary. However, the record does disclose that the plaintiff was severely burned by the explosion, receiving first, second and third degree

burns, that he suffered severe pain for weeks, that his burns were bandaged and the bandages often changed, that it was necessary to keep him constantly under the influence of opiates, that he was placed under the care of a competent physician, who advised hospitalization. We think there is no doubt this would prove the necessity for some medical attention and hospitalization. Counsel contends that the reasonableness of the charges, which were around $1,100, is not shown. The evidence as to such expenses went in without objection and no motion was made at the close of the case to strike out such evidence because the reasonableness of the charges was not shown. So far as we can see, the point was never raised until objection was made to Instruction No. 13. We think the attention of the court and of opposing counsel should have been called to the matter before or at the close of the evidence. Had it been, plaintiff's case could have been reopened and evidence as to the reasonableness of the charges introduced. Doubtless there would have been no difficulty in procuring such evidence; we know that from common experience. While it is no doubt true that the measure of what plaintiff may recover in a personal injury action is not the obligation he has incurred or the sum he has paid out for medical fees and hospitalization, but only such sum as was reasonably and necessarily incurred or paid (17 C. J. 915) ; nevertheless, we think under the authorities these matters may be determined by the jury from the evidence of the character of the injury and of the medical services and treatment rendered, together with the charge made therefor, especially when no objection is raised until after the taking of evidence is closed. 17 C. J. 916; Latky v. Wolfe, 85 Cal. App. 332, 259 Pac. 470; Dishman v. Whitney, 121 Wash. 157, 29 A. L. R. 460, 209 Pac. 12; Townsend v. Keith, 34 Cal. App. 564, 168 Pac. 402; Alt v. Konkle, 237 Mich. 264, 211 N. W. 661; Dewhirst v. Leopold,

194 Cal. 424, 229 Pac. 30; Coleman v. Nelson, 224 Ky. 460, 6 S. W. (2d) 454; Hare v. Canfield, 102 Cal. App. 124, 282 Pac. 405; Gerbing v. McDonald, 201 Wis. 214, 229 N. W. 860 (in which case are cited a great many cases sustaining the rule not cited in this opinion); Wyse v. Miller, (Mo.) 2 S. W. (2d) 806; Garangelo v. Nutmeg Farm, (Conn.) 162 Atl. 4; Reutkemeier v. Nolte, 179 Ia. 342, 161 N. W. 290, L. R. A. 1917D, 273.

We do not think Instruction No. 13 is open to the objection that it tells the jury to allow the sums expended or incurred for medical attention and hospitalization. The instruction tells the jury to allow what sum of money will be *reasonable and just compensation,* and that in fixing such sum the jury may *take into consideration* the expense for medical services and hospital care.

As to disfigurement, we have found no case wherein the matter came up as in the case at bar. As before stated, there is no direct evidence in the record that plaintiff was disfigured as a result of the explosion, although there is evidence that makes that fact appear extremely probable. Dr. Carr, the physician who attended plaintiff, testified that he suffered from slight third degree burns on the hands, arms and ears; and in distinguishing between the different degrees of burns he referred to third degree burns as "permanent" burns and testified that they "extend into the tissue and more or less the structures below the skin," that they "deaden your nerve ends and your sensations are more or less gone there." We presume that a "permanent" burn means one that will leave permanent marks or scars on the burned area. Furthermore, plaintiff testified in the case at length, so the jury had an opportunity to see whether he was in fact disfigured, and we doubt if we should assume the jury would have allowed anything for disfigurement if they saw none. The mere fact of inability to make a record of evidence is not

fatal to its use, as, for example, what the jury learns upon a view of property the subject of litigation or of the place in which any material fact occurred, as provided by our statute. § 89-1037, Revised Laws of 1931. For a discussion of this subject, see Wigmore on Evidence (1904 Ed.) Vol. II, page 1369. In Kelley v. John R. Daily Co., 56 Mont. 63, 181 Pac.. 326, at 332, the court remarks upon the right of a jury to consider the appearance of plaintiff upon the witness stand in determining the amount of damage caused the plaintiff by eating diseased meat, the court stating: "Her appearance on the witness stand a year after the sale of the meat cannot be depicted by a printed record, yet it may have furnished the best evidence to the jury and presiding judge of the extent of her damage." The jury, of course, by keeping their eyes and ears open always learn many things about a case that do not appear in the record, and no doubt if a plaintiff in a personal injury case should testify that he had been reduced to a mere skeleton by an injury and while so testifying should appear to the jury to be in need of an anti-fat regimen, the jury would, with perfect propriety, consider what their eyes saw, even though no one said anything about the matter to go into the record. On the other hand, it would seem that when a plaintiff expects to rely in part on his personal appearance in court, the matter should be brought into the record by some appropriate question, especially in a case like the one at bar when it would have been so easy to ask the plaintiff if he suffered any disfigurement from the explosion, and, if so, to point it out to the jury. However, we do not think the case should be reversed because of this matter. The instruction tells the jury to consider disfigurement, if any. Defendant does not claim there was none. In all probability the trial judge would not have used such language if there had not been evidence of disfigurement to be seen by

the jury; nor should we assume the jury would allow for it if none appeared.

Although contributory negligence on the part of plaintiff is not pleaded in the answer, defendant claims that plaintiff's evidence raises that question and that it should have been submitted to the jury; and defendant requested an instruction along that line, which was refused by the court, to which refusal defendant excepted. The claim is, as we understand it, that the lighting of the match by plaintiff in the basement when it contained gas is evidence of negligence. No doubt this would be true if plaintiff knew or should have known that gas was present, but the only evidence in the record concerning this matter is that there was no odor of gas at the time. Both plaintiff and Brouilette testified to this, and they were the only ones present at the time. Those who went to the basement following the explosion detected no odors of gas. Under these circumstances, we think there was no contributory negligence in the case.

Lastly, it is claimed the verdict in the sum of $7,500 is excessive. We think it unquestioned that an appellate court should not reverse a case for excessive damages unless it clearly appear that the verdict is excessive. 46 C. J. 200-201. In this case, plaintiff's evidence, which the jury had a right to believe, indicates that plaintiff was severely burned by the explosion, he suffered great pain for weeks, his eyesight is greatly impaired, he has suffered a permanent disability of 50%, and he incurred in excess of $1,100 in doctor and hospital bills. At the time of the explosion he was a young man and in the best of health. We do not think the verdict clearly excessive.

It follows that the judgment should be affirmed, and it is so ordered.

BLUME, Ch. J., and KIMBALL, J., concur.