[Civ. No. 18169.   Second Dist., Div. Two.   Jan. 26, 1951.]

GEORGE BRAVERMAN, Respondent, v. WILLIAM
ROSENTHAL, Appellant.

H. S. Dottenheim for Appellant.

Levy, Bernard & Jaffe, and F. Filmore Jaffe for Respondent.

McCOMB, J.—This is an appeal from a judgment in favor of plaintiff in the sum of $2,326.99 and costs entered after trial before the court without a jury in an action to recover damages for breach of an oral contract of employment for one year.

*Facts:* Defendant employed plaintiff to be the manager and buyer of his shoe store for the period of one year commencing on the 27th day of August, 1948, at a salary of $100 per week plus a sum equal to 1 per cent of the gross business conducted each calendar month. On or about the 30th day of December, 1948, defendant without cause discharged plaintiff and refused to pay further salary or commission.

*Questions:* First: *Was there substantial evidence to sustain the trial court's findings (a) that plaintiff was employed for a period of one year, and (b) that a compensation of $100 per week plus 1 per cent of the gross business conducted by plaintiff each month was due and owing him?*

This question must be answered in the affirmative. The complaint alleged in paragraph III as follows:

"On or about the 27th day of August, 1948, plaintiff and defendants entered into an oral agreement, in the County of Los Angeles, State of California, wherein and whereby defendants employed the plaintiff for a period of one year and the plaintiff agreed to enter into the employment of the defendants for said period of one year as store manager and buyer and manager of the shoe salesmen employed by defendants. Pursuant to said agreement, plaintiff entered into the employment of defendants as store manager and buyer and manager of the shoe salesmen on, to-wit, the 27th day of August, 1948, and continued as such manager and buyer and manager of said salesmen in the employ of defendants to and including the 30th day of December, 1948, and fully and fairly performed all of the terms and conditions of said employment and of said agreement on his part to be performed."

Defendant's answer in paragraph I reads as follows:

"Answering paragraph III of plaintiff's complaint, defendant denies both generally and specifically each and every allegation therein contained, except that defendant admits that plaintiff was employed as a store manager for the periods as alleged."*

---

*It is to be noted that defendant's attorney of record in this appeal did not prepare the answer.

(a) Every material allegation of a complaint not controverted by the answer must for the purposes of the action be taken as true and no evidence need be introduced in support of such allegation. (Code Civ. Proc., § 462; *Morris* v. *Warner,* 207 Cal. 498, 506 [279 P. 152]; *Driver* v. *International Air Race Assn.,* 54 Cal.App.2d 614, 620 [129 P.2d 771].)

■ Therefore since defendant admitted in his answer that plaintiff was employed as a store manager for the period alleged in the complaint, and the complaint alleged that the period of employment was for one year after August 27, 1948, this admission constituted sufficient evidence to sustain the trial court's finding that defendant had employed plaintiff for such period.

■ Since the pleadings admitted that the contract had been made, such admission was conclusive and required no evidence to support it. An admission in the pleadings forbids the consideration of evidence which tends to refute the admitted fact. Any discussion of the evidence is therefore irrelevant and immaterial. (*Dressler* v. *Johnston,* 131 Cal.App. 690, 695 [21 P.2d 969].)

■ (b) Plaintiff gave direct testimony that his compensation was to be $100 per week plus one per cent of the gross business done each month.

This evidence supports the trial court's finding upon this issue. Contrary testimony apparently disbelieved by the trial court must be disregarded by this court.

■ Second: *Was there substantial evidence to sustain the trial court's finding that plaintiff was discharged without legal justification?*

This question must also be answered in the affirmative. Defendant testified that he discharged plaintiff because he bought thousands of dollars worth of stock which was of no value; that he opened the store later than was customary; and that he did not take care of the customers in a proper manner.

Plaintiff testified that he worked six days a week, four days from 9 a. m. to 9 p. m., and two days from 9 a. m. to 6:30 p. m.; that defendant never complained with regard to the merchandise he purchased; and that the gross sales amounted to $51,038.45 for the period from August 28, 1948 to December 31, 1948, or a period of four months, while defendant's gross sales for a period of six months, from January 1, 1949 to June 30, 1949, amounted to only $76,600.76. These figures show that the volume of business done by. de-

fendant remained constant, and the inference may be drawn that defendant did not lose business as a result of plaintiff's mismanagement. In addition, in October, 1948, defendant tendered to plaintiff a written contract of employment for a period of one year.

The trial court was justified in taking these facts into consideration and its finding that plaintiff was discharged without cause finds substantial support in the evidence.

Moore, P. 'J., concurred.

WILSON, J.—I concur in the judgment but not in the manner in which the first interrogatory is answered in the opinion of Mr. Justice McComb.

I prefer to affirm the judgment on the firm basis of the facts as shown by the evidence, which sustain the findings and judgment, and not upon the ground that the admissions in the answer necessitate an affirmance—a theory different from that upon which the case was tried in the lower court. This court has repeatedly declared that where a case is tried on the theory that a material issue has been raised by the pleadings, a contention of the parties made for the first time on appeal that there was no such issue will not be entertained. (*Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 543 [162 P.2d 934] ; *Priebe* v. *Sinclair,* 90 Cal.App.2d 79, 87 [202 P.2d 577] ; *Nuttman* v. *Chais,* 101 Cal.App.2d 476, 478 [225 P.2d 660]; *Sparks* v. *Sparks,* 101 Cal.App.2d 129, 138 [225 P.2d 238, 244].)

The paragraph of the complaint quoted in the majority opinion contains two separate allegations: (1) that plaintiff and defendant entered into an oral agreement whereby plaintiff was employed for one year, and (2) that pursuant to such agreement plaintiff was employed from August 27, 1948, until December 30 of the same year. The answer admits that plaintiff was employed for the period alleged in the complaint and denies the remainder of the paragraph. The only construction that can be placed on the answer is that it denies that the parties entered into a contract of employment for one year but admits the actual employment for the time alleged.

That the parties so construed the answer is evidenced by the fact that plaintiff and defendant were both examined and cross-examined concerning the making of the oral con-

tract of employment and the conversations and negotiations leading to it. Had it been the theory of the litigants that the answer admitted the contract of employment there would have been no necessity for such evidence and the only issue to be tried would have been whether there had been good cause for plaintiff's discharge prior to the expiration of one year. There is ample substantial evidence in the record to sustain the findings and judgment in favor of plaintiff and I concur in the judgment on that ground.

A petition for a rehearing was denied February 14, 1951, and appellant's petition for a hearing by the Supreme Court was denied March 26, 1951.