[Civ. No. 5998.   Fourth Dist.   Dec. 21, 1959.]

CLARA CLIMO et al., Plaintiffs; JAMES CLIMO, a Minor, etc., et al., Appellants, v. GORDON A. LAMP et al., Respondents.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker and W. W. McCray for Appellants.

Moss, Lyon & Dunn, Fulton W. Haight and Henry F. Walker for Respondents.

MONROE, J. pro tem.*—This is an action for damages for personal injuries resulting from a collision of vehicles on September 10, 1956, in the city of Fullerton. The defendant Lamp, an employee of the defendant Concrete Conduit Company, was operating a truck and trailer loaded with concrete pipe upon a through highway. Mrs. Clara Climo was operating an automobile in which the two plaintiffs, James and Thomas Climo, her minor sons, were riding. As she attempted to cross the through highway her car was struck by the truck, resulting in injuries to herself and her sons. Action for damages was commenced by Mrs. Climo and on behalf of her sons. Before the trial the action was dismissed as to Mrs. Climo and

*Assigned by Chairman of Judicial Council.

proceeded to trial as an action on behalf of the minor plaintiffs only. A jury brought in a verdict for the defendants, and from the judgment thereon plaintiffs appeal.

The plaintiffs and appellants urge as ground for reversal that the verdict was against the evidence and that there was insufficient evidence to support the verdict. In support of this contention it is claimed that the evidence was that the collision was a proximate result of the negligence of defendant Lamp and that therefore the minor plaintiffs are entitled to recover. In order to determine the issues thus raised, we have carefully examined the testimony.

There is no dispute as to the time and place of the collision nor any dispute as to the fact that defendant Lamp was operating the truck and trailer in the course of his employment by the defendant Concrete Conduit Company. ▮▮ It is conceded that the minor plaintiffs, riding in the car with their mother, are not chargeable with the manner in which it was operated. The sole question, therefore, is the sufficiency of the evidence with regard to the alleged negligence of defendant Lamp.

It is obvious that the burden is upon plaintiffs to establish the negligence by a preponderance of the evidence and that a verdict in favor of the defendants is but a finding that the jury has not been convinced that he was negligent.

▮ It has been frequently laid down that upon appeal the duty of the appellate court begins and ends with the determination of whether there is substantial evidence to support the finding of the trial court or the verdict of the jury. (*Owens* v. *White Memorial Hospital,* 138 Cal.App.2d 634 [292 P.2d 288].)

▮ There is considerable conflict in the evidence as to the exact details but it is the province of this court to ascertain whether there was evidence which, if believed by the jury, would support the verdict. It would serve no useful purpose to recite in detail the testimony of the various witnesses. The testimony of Mr. Lamp was in substance that he was proceeding along the through highway approaching the intersection at a speed of some 35 miles per hour. He claimed that he saw the vehicle operated by Mrs. Climo slowly approaching the intersection; that it had evidently stopped in the vicinity of a stop sign which was some considerable distance away from the intersection area. He testified that he assumed that the vehicle would be stopped and not driven in front of his approaching truck and trailer, for the reason that he was too

close to the intersection for such crossing to be made safely. He claimed further that when he saw that the driver of the automobile was not going to stop but was proceeding slowly across the intersection, he applied his brakes and endeavored to swerve to the right but was unable to avoid the collision. There is, of course, evidence to the contrary, and evidence which would indicate that he was considerably farther away from the intersection than the estimate given by him. The evidence was that his vehicle laid down 67 feet of tire marks upon the pavement prior to the point of impact. The question of whether or not a party involved in a collision of motor vehicles at the intersection of a through highway with another highway was negligent is a question of fact to be determined by the jury under proper instructions. (*Shivers* v. *Van Loben Sels,* 109 Cal.App.2d 286 [240 P.2d 635]; *Beseau* v. *George,* 111 Cal.App.2d 807 [245 P.2d 542]; *McGuire* v. *San Diego Transit System,* 143 Cal.App.2d 509 [299 P.2d 905].)

Much of the conflict in the evidence arises from markings made by various witnesses upon charts of the intersection. When it is borne in mind that these markings are the result of estimates of speed, of time elapsed, or of the position of objects, made by witnesses who have had at best a fleeting glimpse of the situation as the accident was about to happen, it must be apparent that no set of figures or marks or diagrams can be considered as conclusive evidence outweighing any other evidence offered to the contrary. The question of whether defendant Lamp used ordinary care is one to be determined by the jury from a fair and impartial consideration of all of the evidence. This same contention was made on a motion for new trial, which was denied. We find that there was substantial evidence to support the verdict and the implied finding of the jury and that the trial court acted within its discretion in denying the motion for new trial. No complaint is made with respect to the instructions given to the jury.

It is further contended by appellants that counsel for the defendants was guilty of misconduct which was sufficiently prejudicial to require a reversal of the judgment. As has been noted, Mrs. Climo dismissed her cause of action prior to the empaneling of the jury. In the voir dire examination of a juror counsel for plaintiffs inquired in substance whether the juror would have any hesitancy in rendering a verdict for the plaintiffs upon a finding that the defendant

Lamp was negligent, even though another person was also negligent. Counsel for defendants, in examining the juror, stated that Mrs. Climo had dismissed her cause of action. Objection was made as being without the issues, and was sustained by the trial court. In a conference at the bench, however, the trial court offered to instruct the jury that they should disregard the comment, but inquired whether counsel felt that it would unduly emphasize the matter. Plaintiffs' counsel conceded that it was best to say nothing further. It is claimed that a similar reference was made during the argument to the jury. This matter was presented as grounds for a new trial and passed upon by the trial court in denying such motion. It was of course conceded that the negligence, if any, of Mrs. Climo, was not a defense. However, whether she was negligent would have at least some materiality in determining the proximate cause of the accident. Likewise, there would be involved the question of whether it was negligence for the defendant driver to fail to anticipate some negligent or unlawful act of another. Furthermore, there was apparently some argument as to whether the defendant driver should have veered to the left instead of veering to the right, and there would be presented the question of whether defendant driver was to be held negligent for acts in an emergency created by the negligent act of another. It would seem, therefore, that the matter of Mrs. Climo's alleged negligence was one properly involved in presenting the case to the jury, although whether reference should have been made to a dismissal filed by her and not in evidence before the jury, is another matter.

In any event, assuming that the reference made by counsel should not have been made, there was presented to the trial court upon motion for new trial the question of whether or not such acts were of sufficient importance to have had any substantial effect upon the verdict rendered and whether they were of sufficient moment to justify the granting of a new trial. That question was addressed to the sound discretion of the trial court. (*Durkee* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 159 Cal.App.2d 615 [324 P.2d 91].) We agree with the conclusion of the trial judge that the matter was not of sufficient gravity to justify granting a new trial and that his order was within his sound discretion.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.