[No. A094096. First Dist., Div. Three. Nov. 27, 2002.]

BART VALERIO, Plaintiff and Respondent, v.
ANDREW YOUNGQUIST CONSTRUCTION, Defendant and Appellant.

**COUNSEL**

Francis Thomas Donohue for Defendant and Appellant.

Willett & McKay and Louis James Willett for Plaintiff and Respondent.

**OPINION**

**CORRIGAN, J.**—Appellant challenges a judgment based on a finding that there was no contract between the parties and allowing quantum meruit recovery. Appellant claims the court erred in ignoring respondent's judicial admissions that a contract existed. We reverse.

*Factual and Procedural Background*

Appellant, a general contractor, did business as Birtcher Construction Services (Birtcher). Birtcher solicited bids from subcontractors to build the Brenden Theater complex in Vacaville. Respondent Bart Valerio was awarded the painting subcontract, knowing that he would be required to submit a performance bond. Birtcher sent Valerio two original agreements to be initialed on each page, signed and return to Birtcher. The letter informed Valerio that a "duly executed original will be returned to you for your files." Valerio was also told to submit his performance bond. Valerio returned the

initialed and signed contract. Birtcher wrote Valerio that it had received the contracts, but still needed the performance bond "in order to process and execute." As Valerio understood Birtcher's letter, Birtcher had not executed the contract.

Heavy rains delayed construction progress. Valerio began working at the end of June or beginning of July, even though he had not received an executed contract. He received another letter from Birtcher on July 8, 1998, marked "second request," advising him that the performance bond was required. The letter stated that "[a]n incorrect insurance certificate will hold up execution of the contract and any payments." Valerio continued working on the project. On August 24, 1998, he received a fax transmittal from Birtcher advising him of two change orders "pending issuance due to an unexecuted contract (waiting for bonds, etc.)" and asking Valerio to follow up on outstanding contract requirements. On September 3, 1998, Birtcher informed Valerio that if he did not complete the exterior painting by September 4, Birtcher would bring in additional painters to supplement Valerio's crew. The contract Valerio signed entitled Birtcher to do so at Valerio's expense. On September 8, these workers were brought in to complete the job. On September 25, 1998, Valerio received a final fax transmittal from Glenn Reindahl, Birtcher's project engineer, referring to the other painting contractor hired to finish the project. The fax suggested that Valerio would be charged for that contractor's invoices and stated, "However, all this is irrelevant if you do not provide the required bond so we may execute your contract. Remember, NO BOND + NO CONTRACT=NO PAYMENT." During the entire time Valerio worked on the project, he did not provide the performance bond, receive an executed contract or get paid.

Valerio sued, alternatively alleging breach of express written contract and quantum meruit. Birtcher filed a compulsory cross-complaint, and Valerio answered. The matter was tried to the court which found there was no written agreement between the parties. The court denied Birtcher's motion for a new trial and awarded Valerio attorney's fees.

Birtcher claims the court's finding that no written contract existed is erroneous in that it ignores Valerio's express admissions to the contrary and relies on inadmissible evidence.

*Discussion*

Birtcher contends the court failed to give conclusive effect to Valerio's judicial admissions regarding the existence of a written contract. We agree.

A. *Background*

In Valerio's answer to Birtcher's cross-complaint for breach of contract, Valerio admitted the following allegation: "Birtcher entered into a written

construction services trade contract with Bart Valerio, . . . which was signed by Bart Valerio on March 4, 1998. The essential terms of the contract were that Valerio was to perform waterproofing, caulking, and painting work and to provide the related supplies for the construction project in a timely and workman like manner, and was to provide a performance bond."

Birtcher propounded requests for admissions pursuant to Code of Civil Procedure section 2033, and Valerio responded as follows: "The written contract between Bart Valerio . . . and Birtcher Construction for painting services at Brenden Theaters project in Vacaville required Bart Valerio to provide a performance bond [Response: Admitted.]," and "The written contract between Bart Valerio . . . and Birtcher Construction for painting services at Brenden Theaters project in Vacaville provide[d] that Birtcher retain[ed] the right to supplement with other workers the work being done by plaintiff and to charge Bart Valerio the costs of the additional workers. [Response: Admitted, subject to further proviso that Valerio was not himself performing the work required under the contract.]"

Seven months before trial, Valerio stated in his February 10, 2000, trial management conference statement: "Only after having gathered together all of the documents and having digested the deposition testimony of Birtcher's Operations Manager did the actual status of the contract become clear. Birtcher intentionally never signed the contract. Since there was no contract Valerio's only claim is upon the second cause of action for work, labor, services and materials rendered on a quantum meruit basis." Valerio did not move to dismiss the breach of contract claim, nor did he amend his answer to the cross-complaint or his responses to Birtcher's request for admissions.

In its May 10, 2000, trial management conference statement, Birtcher stated: "The existence of the written contract is not in dispute. Valerio admitted to the existence of the written agreement in his complaint and in his answer to the cross-complaint, as well as in response to discovery demands." Birtcher argued that Valerio was bound by his judicial admissions and discovery answers. Additionally, Birtcher advised: "No motions in limine are expected. However, while not offered as a formal motion in limine, the court should be aware of the evidentiary dispute that will arise if Valerio attempts to offer any evidence at trial that the written subcontract between Valerio and Birtcher is unenforceable . . . ." Birtcher pointed out that Valerio made judicial admissions in his cross-complaint and discovery responses. Accordingly, Birtcher argued that Valerio was bound by those admissions and prohibited from offering contrary evidence at trial. In his trial brief, filed on August 17, 2000, Birtcher again argued that Valerio was bound by his judicial admissions and "[a]s a matter of law, Valerio may not

argue that there is no written contract between the parties concerning their respective duties and obligations on the Brenden Theater Project." Again, after receipt of Birtcher's conference statement and trial brief, Valerio did not amend his pleadings or discovery responses.

In closing argument, Valerio's counsel described the issue before the court as follows: "[W]as there an express written contract between these parties or should the plaintiff be held to the fiction that there was an express written contract due to alleged admissions by the plaintiff?" Counsel argued that "if there is an explanation as why testimony is later given to the contrary [to the admissions], . . . the court can listen to that and the court is not bound." He explained that at the time of the admissions, the deposition of Birtcher employee Richard Youngquist had not yet been taken and Valerio was not fully aware of all the facts. Birtcher's counsel responded: "Requests for admissions are [binding.] That's what they're for, to preclude issues from coming up at trial. You can't—the only way out of them is to come in with a motion on good cause to be relieved of them before the trial, and that motion has never been made. I think he's bound to his admissions."

The court concluded there was no contract because there was no mutuality of assent. It based its ruling on the lack of signature by Birtcher and Birtcher's communications with Valerio repeatedly reminding him that no executed contract existed without submission of a performance bond. As to the judicial admissions, the court told Birtcher's counsel: "[Y]our position is that the admissions during the litigation, I guess, are the mutual assent, but I allowed some argument on that."

Birtcher requested a statement of decision, asking the court to address, among other things, whether there was "an enforceable contract as a matter of law" based on Valerio's admissions in his pleadings and responses to requests for admissions. As to the admissions under Code of Civil Procedure section 2033, the statement of decision provides: "The requests for admission propounded by Birtcher to Valerio, were couched in terms of '[t]he written contract between Valerio and Birtcher required that . . .' and 'provided that . . . .' The requests for admission did not ask whether the said contract was ever entered into but rather only what the contract 'required' or 'provided.' The requests were thus ambiguous and are not binding on Valerio on the critical question of whether the contract was entered into. The requests for admission were also answered on December 20, 1999, prior to Birtcher having produced documents to Valerio. [Citation.]" The statement of decision does not discuss Valerio's answer to Birtcher's cross-complaint.

In a motion for new trial, Birtcher again emphasized Valerio's answer to the cross-complaint, in which he admitted to the existence of written contract. Birtcher argued that this admission conclusively established the issue,

and that contrary evidence was inadmissible. As to the court's characterization of ambiguity in the request for admissions, Birtcher pointed out that Code of Civil Procedure section 2033, subdivision (f)(1) requires a party to admit "so much of the matter . . . as is true" and "deny so much of the matter as is untrue."

At the hearing on the new trial motion, Birtcher's counsel focused his argument on Valerio's answer to the cross-complaint, arguing: "The cross-complaint alleged that a contract existed between Birtcher and Valerio . . . ; and the answer to that complaint was that they admitted that fact. There is no dispute on that and, because of that, as a matter of law, Birtcher should be entitled to a finding that there was a contract on the cross-complaint; and also, on the cross-complaint, a finding that there was a breach of that contract based upon the facts in evidence and admission of Valerio." The court stated that Birtcher's argument "is one that concerns the court, as well." In response, Valerio's counsel acknowledged that he should have moved to amend the pleadings and responses to request for admissions, but argued that the court retained discretion to entertain contrary evidence.

The court ruled: "The court is cognizant of the point that [Bircher's counsel] makes. [¶] I find the . . . judicial admission to be . . . of substantial significance. [¶] The court perceives from the baseline that judicial admissions in the normal course preclude an admitting party from submitting evidence to the contrary. [¶] So there's a cross-complaint. There's an admission of the existence of the contract. Under the normal course of things, one would have expected that the pleadings would have been amended. [¶] The court takes notice that this is not a master calendar assignment, but a direct calendar assignment. The same judge has heard all the law and motion and . . . is cognizant of the following, and that is, back on February 10th, 2000, the plaintiff notified the court and Brenden and Birtcher that since there was no contract, Valerio's only claim is on the second cause of action for work, labor, and services on a quantum meruit basis. [¶] After that date, on May 12th, 2000, in a trial brief which the court ordered, the court takes note that . . . [Valerio stated] . . . 'There was no contract upon the original proposed terms.' . . . It is clear at that point that . . . Valerio is not proceeding on the breach of contract action."

The court observed that Birtcher was on notice that Valerio would no longer proceed on the breach of contract claim, quoting Birtcher's statement in its trial management conference that Valerio "now intends to abandon his breach of contract claim, and instead argue that there is no written contract." It also noted, "There was no motion in limine that the court is aware of to exclude the whole of plaintiff's testimony on the issue of quantum meruit."

Finally, the court concluded, "So I think there was no expression of surprise. There was no expression of prejudice. There was no expression that there needed to be a continuance. So, in the court's view, the due process requirements and the opportunity to be heard were satisfied."

B. *Analysis*

Valerio admitted the existence of a written contract in his answer to the cross-complaint. ■ The admission of fact in a pleading is a "judicial admission." Witkin describes the effect of such an admission: "An admission in the pleadings is not treated procedurally as evidence; i.e., the pleading need not (and should not) be offered in evidence, but may be commented on in argument and relied on as part of the case. And it is fundamentally different from evidence: It is a *waiver of proof* of a fact by conceding its truth, and it has the effect of removing the matter from the issues. Under the doctrine of 'conclusiveness of pleadings,' a pleader is bound by well pleaded material allegations or by failure to deny well pleaded material allegations. [Citations.]" (4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 413, pp. 510-511.)

The law on this topic is well settled by venerable authority. Because an admission in the pleadings forbids the consideration of contrary evidence, any discussion of such evidence is irrelevant and immaterial. (*Braverman v. Rosenthal* (1951) 102 Cal.App.2d 30, 32 [226 P.2d 617].) ■ " 'When a trial is had by the Court without a jury, a fact admitted by the pleadings should be treated as "found." . . . If the court does find adversely to the admission, such finding should be disregarded in determining the question whether the proper conclusion of law was drawn from the facts found and admitted by the pleadings. . . . In such case the facts alleged must be assumed to exist. Any finding adverse to the admitted facts drops from the record, and any legal conclusion which is not upheld by the admitted facts is erroneous.' [Citations.]" (*Welch v. Alcott* (1921) 185 Cal. 731, 754 [198 P. 626].) ■ "When allegations in a complaint are admitted by the answer (a) no evidence need be offered in their support; (b) evidence is not admissible to prove their untruth; (c) no finding thereon is necessary; (d) a finding contrary thereto is error." (*Lifton v. Harshman* (1947) 80 Cal.App.2d 422, 431-432 [182 P.2d 222], disapproved on other grounds in *Pao Ch'en Lee v. Gregoriou* (1958) 50 Cal.2d 502, 506 [326 P.2d 135].) ■ Thus, as to the cross-complaint, Valerio's admission had the effect of establishing the truth of the existence of the written contract.

Valerio contended at oral argument that the trial court retained the inherent or equitable power to fashion a remedy that would avoid an unjust result.

He argues, in effect, that the court could disregard the judicial admission in light of other evidence presented at trial and Valerio's efforts to apprise Birtcher of a change in case theory. This argument is without merit.

An admission in a pleading is *conclusive* on the pleader. (4 Witkin, Cal. Procedure, *supra*, Pleading, § 415, p. 512.) "He cannot offer contrary evidence *unless permitted to amend*, and a judgment may rest in whole or in part upon the admission without proof of the fact." (*Ibid.*, italics added.)

While a court has inherent power to relieve a party from the effects of judicial admissions by amendment to the pleadings (Code Civ. Proc., § 473), Valerio never sought to amend his answer to the cross-complaint.

Additionally, for the first time on appeal, Valerio asserts that his answer to the cross-complaint is a "nullity" and should be disregarded. He contends that at the time he filed his answer, there was no cross-complaint on file. Because the court permitted Birtcher to file his cross-complaint on the day of trial, Valerio claims he had no opportunity to modify or amend his previous answer consistent with his current trial theory. Valerio's argument is disingenuous. On August 26, 1999, the court granted Birtcher's motion to file a cross-complaint. The order indicates that Birtcher is to file its cross-complaint "forthwith" and that "[p]ursuant to the Court's tentative ruling, cross-complaint was served on Cross-Defendant . . . ." Valerio filed his answer to the cross-complaint on October 28, 1999. On, September 6, 2000, the first day of trial, Birtcher's counsel informed the court that he could not find a stamped and endorsed copy of Birtcher's filed cross-complaint in the court file. Apparently, the court and counsel had all proceeded on the assumption that the document had been properly processed and added to the file. No one could explain why it did not appear there. Birtcher requested permission to file the cross-complaint at that time. Valerio did not object. Valerio's counsel stated: "Somewhere in the process I did receive a copy of what purported to be a cross-complaint, and I did file an answer to it; there, I am not surprised and I can think of no valid argument I can make at this time as to why the court should not allow counsel to file his cross-complaint." The court ordered Birtcher's cross-complaint filed. Although Valerio could have done so, he did not request an opportunity to orally amend his answer at that time nor did he request a continuance to file an amended answer.

Additionally, the court erroneously ignored the effect of Valerio's admissions made pursuant to Code of Civil Procedure section 2033. A matter admitted in response to a request for admission is conclusively established against the party making the admission, unless the court has permitted amendment or withdrawal of the admission. (Code Civ. Proc., § 2033, subd. (n).) Section 2033 permits a party to withdraw or amend an admission with leave of court. The court may grant leave if it determines the admission was

the result of mistake, inadvertence, or excusable neglect and that the party who obtained the admission will not be substantially prejudiced by the withdrawal or amendment. (§ 2033, subd. (m).) Here, Valerio acknowledges he knew before trial that his admissions were mistaken. However, Valerio made no request to amend or withdraw them. Birtcher was entitled to rely on those admissions in defending against Valerio's complaint and in pursuing its cross-complaint.

Valerio argues that the court correctly interpreted his Code of Civil procedure section 2033 admissions to concern only requirements and provisions of the contract and not an acknowledgment that a contract was actually formed. He relies on In *Fredericks v. Kontos Industries, Inc.* (1987) 189 Cal.App.3d 272 [234 Cal.Rptr. 395], in which a party responded to a request for admission under section 2033 by admitting that he had agreed to make contractual payments according to a payment schedule. (*Fredericks*, at p. 276.) Nevertheless, despite the admissions, the trial court properly admitted parol evidence establishing the performance of certain work. The appellate court stated: "Although admissions are dispositive in most cases, a trial court retains discretion to determine their scope and effect. An admission of a fact may be misleading. In those cases in which the court determines that an admission may be susceptible of different meanings, the court must use its discretion to determine the scope and effect of the admission so that it accurately reflects what facts are admitted in the light of other evidence." (*Id.* at p. 277.) Further, "[t]he court must have discretion to admit evidence to elucidate and explain an admission, because the admission of a fact does not always reflect the party's reasonable understanding of that fact." (*Id.* at p. 278.)

Unlike the circumstances of *Fredericks v. Kontos Industries, Inc., supra,* 189 Cal.App.3d 272, there was no ambiguity in Valerio's understanding at the time he responded to the requests for admissions. Valerio clearly believed that a written contract existed. He admits that, at the time of the response, trial counsel labored under the "misconception . . . that there was in place a fully executed written agreement between the parties." Accordingly, there was no reason for the court to interpret the admission in order to resolve an ambiguity or reflect Valerio's reasonable understanding of the facts. Simply put, Valerio filed a mistaken response that he never later moved to amend or withdraw. Moreover, if Valerio disagreed that a written contract existed, he was required under Code of Civil Procedure section 2033, subdivision (f)(1)(B) to deny the portion of the requested admission that he considered untrue. Valerio was aware that he could qualify his admission, as reflected in his response to request for admission No. four.

It is apparent from the court's remarks that motions to amend or withdraw would have been granted. While the result here is rigorous, the rule is clear

and Birtcher is entitled to rely upon it. To hold otherwise would undermine well-settled rules of pleading relied upon to properly structure litigation. Valerio failed to take the necessary procedural steps to remove his judicial admissions, even when Birtcher's trial management conference statement and trial brief highlighted the issue. Contrary to the court's reasoning below, informal notification to the opposing party of a change in case theory does not obviate the conclusive effect of judicial admissions. In view of our conclusions, we need not consider Birtcher's other contentions on appeal.

## Disposition

The matter is reversed and remanded for a new trial. Birtcher asks that we remand the matter with instructions to the trial court to find that the parties entered into a written trade contract. We decline to do so. ■ "After an ordinary general reversal, the cause is at large for retrial. [Citation.] The court has the same authority to allow amendments as in a case not yet tried, and leave to amend is granted with about the same liberality. [Citations.]" (5 Witkin, Cal. Procedure, *supra*, Pleading, § 1140, p. 595.) Each side is to bear its own costs on appeal.

McGuiness, P. J., and Parrilli, J., concurred.

On December 3, 2002, the opinion was modified to read as printed above.