Filed 5/30/14  Rohan v. Rice CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN ROHAN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>BELLEMARIE RICE, et al.,<br><br>        Defendants and Respondents. | A137374<br><br>(Marin County<br>Super. Ct. No. CIV096231) |

Brian Rohan sued Bellemarie Rice and her husband Harry Rice for damages arising from an automobile accident.  The trial court granted the Rices' motion for summary judgment on the ground that Rohan's exclusive remedy is under the workers' compensation laws.  Rohan argues that there were triable issues of material fact to the contrary.  We disagree and affirm the judgment.

## I.  BACKGROUND

The accident occurred on May 27, 2008, while Rohan was riding in a car driven by Ms. Rice.  Rohan alleges that he was injured when the car hit a tree.  Ms. Rice, who was 80 years old and then recovering from a stroke, hired Rohan in early April 2008 to drive her on errands for $12 an hour.  Initially, Rohan did all the driving, but later rode with Ms. Rice while she practiced driving.  Ms. Rice would drive the car from her home to a particular intersection, where Rohan would take over.

In deposition, Rohan testified that, on the day of the accident, they were stopped at the top of a hill on the way to the appointed intersection when he asked Ms. Rice to let him take the wheel because he was concerned about her driving.  When he had done this

1

once before, Ms. Rice kept driving, told Rohan "you are fired" when he asked to take the wheel, and then "you are rehired" when she reached the intersection. On the day of the accident, she again refused to stop driving and said "you are fired." Rohan stayed in the car, expecting to be "rehire[d]" when they reached the intersection, but the accident intervened.

Rohan was paid every one or two weeks with checks written by Mr. Rice, based on time slips Rohan submitted showing his hours worked. Rohan endorsed six checks made payable to him from Mr. Rice, dated April 15, April 30, May 5, May 13, May 21, and May 26, 2008, totaling $952. Rohan did not retain copies of the time slips, and the Rices produced slips only for hours billed from April 7 to 12, and from May 13 to 25. Mr. Rice said that he did not keep a file for the time slips, and that he may not have found all of them.

Rohan asserted three causes of action against the Rices based upon provisions of the workers' compensation statutes, and a common law negligence cause of action against Ms. Rice.[1] In response to the Rices's motion for summary judgment, Rohan abandoned his statutory causes of action, and thereby deleted Mr. Rice as a defendant. Ms. Rice challenged the negligence claim on the ground that relief afforded by the workers' compensation scheme was Rohan's exclusive remedy. Rohan opposed summary judgment on the negligence count, arguing primarily that there were triable issues of fact as to whether the accident occurred in the course and scope of his employment, and whether he worked sufficient hours to qualify as an employee. The trial court rejected these arguments, and granted the summary judgment motion. We dismissed Rohan's purported appeal from the nonappealable order on the motion, but reinstated the appeal after judgment for the Rices was entered in the trial court.

---

[1]The workers compensation causes of action in the first amended complaint were captioned to be against "all Defendants," and the negligence count was captioned to be against "all Defendant Bellemarie Rice." Inclusion of the word "all" in the negligence count appears to have been a typographical error because there are no facts or allegations suggesting any negligence on the part of Mr. Rice.

2

## II. DISCUSSION

"The rules of review [of a summary judgment] are well established. If no triable issue as to any material fact exists, the defendant is entitled to judgment as a matter of law. [Citations.] In ruling on the motion, the court must view the evidence in the light most favorable to the opposing party. [Citation.] We review the record and the determination of the trial court de novo. [Citations.]" (*Shin v. Ahn* (2007) 42 Cal.4th 482, 499.)

Rohan argues that the evidence did not conclusively establish that he worked 52 hours for Ms. Rice in the 90 days preceding the accident as required for him to qualify as the Rices' employee under Labor Code section 3352, subdivision (h).[2] However, he admitted in his deposition that he endorsed checks payable to him totaling $952, which, at $12 per hour, represented 79.33 hours of work.

In opposition to the summary judgment motion, Rohan declared that "[o]n two occasions that I remember I did cash checks in my name for defendant Rice so that she could have cash." Mr. Rice testified that it was his practice to make checks payable to Ms. Rice when he gave her money, and it is not apparent why he would have written checks to Rohan if they were intended for Ms. Rice. There is no evidence that Rohan ran errands for the Rices, such as going to the bank. Rohan also did not claim to have cashed checks for Ms. Rice when he was questioned at some length at his deposition about whether he disputed receiving $952 for his services. It did not occur to him at that time

---

[2]Labor Code section 3351, subdivision (d) states that, "[e]xcept as provided in subdivision (h) of Section 3352," employees eligible for workers' compensation benefits include "any person employed by the owner or occupant of a residential dwelling whose duties are incidental to the ownership, maintenance or use of the dwelling, including the care and supervision of children, or whose duties are personal and not in the course of the trade, business, profession, or occupation of the owner or occupant."

Labor Code section 3352, subdivision (h) excludes as eligible employees "[a]ny person defined in subdivision (d) of Section 3351 who was employed by the employer to be held liable for less than 52 hours during the 90 calendar days immediately preceding the date of the injury . . . or who earned less than one hundred dollars ($100) in wages from the employer during the 90 calendar days immediately preceding the date of the injury . . . ."

to mention that two of the $952 in checks payable to him were actually for Ms. Rice's benefit. It also did not occur to him to mention cashing checks for Ms. Rice when he testified that he always cashed rather than deposited the checks he earned "to make sure they were good." Under the circumstances, Rohan's belated recollection of cashing checks for Ms. Rice was insufficient to overcome his deposition testimony and make the number of hours he worked a triable issue. (See *Scalf v. D.B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1522 [sworn testimony of party opposing summary judgment controls over inconsistent declaration].)

Rohan argues that he was not employed by Ms. Rice at the time of the accident because she fired him just before it occurred. However, his first amended complaint repeatedly alleged an employment relationship existed when he was injured. Paragraph 7 stated: "On or about May 27, 2008, Plaintiff was a part time driver for the defendants *working for the Defendants at the time of the subject incident*. (Italics added.) Paragraph 8 stated: "On or about May 27, 2008, *while Plaintiff was working for the Defendant*, Defendant BELLEMARIE RICE drove her car into a fixed, stationary object. The force of the impact seriously injured Plaintiff." (Italics added.) Paragraphs 18 and 26 alleged that Rohan's injuries were suffered "during the scope of his employment." Paragraph 13 stated: "Alternatively, Plaintiff pleads that he was acting outside the course and scope of *his employment* at the time of the incident. Plaintiff was employed as a driver for Defendants. However, just prior to the incident, Defendant, BELLEMARIE RICE, requested that Plaintiff move to the passenger side of the automobile so she may drive the vehicle." (Italics added.)[3] Moreover, Rohan admitted the undisputed fact proffered by the Rices in support of their motion that "[a]t the time of the accident, the parties ha[d] an oral contract for plaintiff to work as a driver for defendant Bellemarie Rice."

---

[3]Rohan argued in the trial court that he was not injured in the scope of his employment because he was hired to be Ms. Rice's driver, not to help her practice driving. As he put it in his points and authorities in opposition to the motion for summary judgment, he was "forced to be a stroke victim driver trainer," a role for which he had no training or experience. Rohan prudently does not renew this line of argument on appeal.

These judicial admissions precluded Rohan from claiming that he was fired before the accident. "In summary judgment or summary adjudication proceedings '[a]dmissions of material facts made in an opposing party's pleadings are binding on that party as "judicial admissions." They are conclusive concessions of the truth of these matters, are effectively removed as issues from the litigation, and may not be contradicted by the party whose pleadings are used against him or her.' " (*St. Paul Mercury Insurance Co. v. Frontier Pacific Insurance Co.* (2003) 111 Cal.App.4th 1234, 1248.) " 'Under the doctrine of "conclusiveness of pleadings," a pleader is bound by well pleaded material allegations or by failure to deny well pleaded material allegations . . . .' . . . [¶] The law on this topic is well settled by venerable authority. Because an admission in the pleadings forbids the consideration of contrary evidence, any discussion of such evidence is irrelevant and immaterial." (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271.)

## III.  DISPOSITION

The judgment is affirmed.


_____
Siggins, J.


We concur:


_____
Pollak, Acting P.J.


_____
Jenkins, J.

5