Filed 4/2/21  DLI Properties v. O'rrell CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| DLI PROPERTIES, LLC,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LISA O'RRELL,<br><br>    Defendant and Appellant. | B303821<br><br>(Los Angeles County<br>Super. Ct. Nos. 17B01457,<br>EC066736 & BV032921) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ralph C. Hofer, Judge.  Reversed and remanded.

Law Offices of Ronald H. Freshman and Ronald H. Freshman for Defendant and Appellant.

Nussbaum APC and Lane M. Nussbaum for Plaintiff and Respondent.

_____

Lisa O'rrell appeals a discovery order and a summary judgment order. The discovery order granted a motion by DLI Properties, LLC to have its requests for admission deemed admitted against O'rrell. Based on these deemed admissions, the trial court granted DLI's summary judgment motion and entered judgment against O'rrell. The discovery order is invalid, however, which condemns the summary judgment order built entirely on the bad discovery order. We reverse and remand for further proceedings.

I

O'rrell bought a property in Studio City, California. DLI purchased it at the trustee's sale when O'rrell defaulted on her loan payments. O'rrell and her daughter did not leave after DLI served them with a three-day notice to quit. DLI then filed an unlawful detainer action against them.

DLI served discovery on O'rrell, including requests for admission. O'rrell timely served her responses by mail on the due date: May 1, 2017.

On May 3, 2017, without waiting to see whether O'rrell had timely served responses, DLI filed and served a motion to deem the requests for admission admitted, pursuant to Code of Civil Procedure section 2033.280, on the grounds DLI had not received responses from O'rrell. On May 4 or 5, DLI received O'rrell's responses by mail. In a letter dated May 5, 2017, DLI acknowledged receipt of O'rrell's responses and threatened to file a motion to compel further responses if O'rrell did not supplement them.

In short, DLI jumped the gun. It filed a discovery motion claiming discovery abuse before knowing whether there was any basis for the motion. After DLI filed its premature motion, DLI

2

received O'rrell's timely responses, which destroyed the basis for DLI's motion. At this point, DLI should have notified the court in writing DLI was withdrawing its motion, which now lacked any foundation. DLI did not do that.

O'rrell neither filed an opposition nor appeared at the hearing, apparently assuming that, because she had served the responses, DLI would take the motion off calendar. Instead, DLI went to court on May 15, 2017 and decided not to hire a court reporter. We have no transcript of this hearing. We do know the trial court issued an order granting DLI's motion to deem its requests for admissions admitted. The court awarded $500 in sanctions against O'rrell.

DLI moved for summary judgment, relying on the deemed admissions. The trial court granted the motion and entered judgment for DLI. O'rrell appeals the discovery order and the summary judgment order.

II

O'rrell correctly argues the discovery order cannot stand because DLI obtained it through deception and in violation of the statutory requirements.

Code of Civil Procedure section 2033.280 entitles a party to an order deeming requests for admission admitted when the responding party "*fails to serve a timely response.*" (The italics are ours.) DLI made this provision the basis for its motion. DLI supported its motion with a declaration from counsel stating DLI had not received responses from O'rrell to the requests for admission. While this may have been true on the date the motion was prematurely filed, it was untrue by the time of the hearing on May 15, 2017. DLI had received O'rrell's responses no later

than May 5, 2017. DLI's letter of that date proves it. May 5, 2017 was well before the hearing on May 15, 2017.

Nothing suggests DLI informed the trial court O'rrell had served timely responses.

DLI now attempts to use its decision not to hire a court reporter to its advantage, saying it is unknown what DLI said at the hearing because we have no record. This argument amounts to "perhaps DLI was forthcoming; who knows?" This argument is unsatisfactory.

In sum, DLI prematurely filed a motion before determining there was any basis for it. There was no basis for the motion, as DLI learned when it received O'rrell's responses. DLI went to the hearing knowing its motion was invalid because its basis had evaporated. Nothing suggests DLI corrected the misinformation DLI put in its premature motion.

The trial court had no independent way to learn about DLI's overly aggressive motion practice. The court granted the motion, including DLI's request for sanctions.

Thus, through no fault of its own, the trial court granted DLI's motion and ordered O'rrell's admissions deemed true, even though DLI's motion violated the statute. (See Code Civ. Proc., § 2033.280.)

O'rrell cites *Kulchar v. Kulchar* (1969) 1 Cal.3d 467 in support of a court's ability to overturn an improperly obtained judgment. DLI's briefing ignores the *Kulchar* case. In *Kulchar*, Justice Traynor described setting aside a court ruling obtained " 'by fraud or deception practiced on him by his opponent.' " (*Id.* at p. 471.) In this case, DLI obtained its discovery order, and then its summary judgment, by means of the omission of a material fact: that its discovery motion had no valid basis. DLI's

4

failure to correct its false statement of material fact violated its duty of candor to the tribunal.  (See Rules Prof. Conduct, rule 3.3; cf. *Davis v. TWC Dealer Group, Inc.* (2019) 41 Cal.App.5th 662, 677–678.)

DLI's material omission victimized the trial court as well as O'rrell.  Because the trial court's discovery order did not meet the requirements of section 2033.280 of the Code of Civil Procedure, the discovery order is invalid.  We vacate it.

DLI based its motion for summary judgment on the deemed admissions.  Because its foundation is invalid, the order granting summary judgment also must fall.

DLI argues *Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264 (*Valerio*) mandates a different result.  This argument misreads *Valerio*.  Plaintiff Valerio sued a general contractor.  Valerio admitted certain facts, both in his answer and in responses to the contractor's requests for admissions.  The contractor announced it planned to rely on Valerio's admissions:  it would oppose admitting any evidence Valerio tried to offer to contest his admissions.  Valerio did not move to amend the admissions in his answer or responses.  Mysteriously, the trial court disregarded Valerio's admissions.  The defendant contractor appealed, and the Court of Appeal reversed.  The holding was that, because Valerio had not amended his answer or responses, his admissions were conclusively binding against him.  (*Id*. at pp. 1266–1268, 1271–1274.)

Justice Corrigan's opinion in *Valerio* is sound, but *Valerio* does not help DLI.  O'rrell indeed could have moved to set aside the order.  She should have done so.  We do not condone her inaction.  But this case also confronts us with factors not present

5

in *Valerio*; namely, DLI's filing of a discovery motion before knowing whether there was any basis for the motion, DLI's omission of a material fact to the trial court, and an order lacking a statutory basis. *Valerio* did not involve these factors. It does not speak to this case's proper resolution.

DLI cites Supreme Court decisions. None bears on our decision.

*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 held courts independently review orders granting summary judgment. We agree.

*I.E. Associates v. Safeco Title Insurance Co.* (1985) 39 Cal.3d 281, 285 held Civil Code sections 2924 through 2924i cover all aspects of the exercise of the power of sale in a deed of trust. We agree.

*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 978–979 held that, where the responding party fails to serve responses to requests for admissions, the propounding party may move to have the admissions deemed admitted. Once they are deemed admitted, admissions prove the truth of all matters in the requests and are conclusive against the responding party. We agree. But here, the responding party served timely responses. The propounding party's motion thus lacked a statutory basis. And the propounding party compounded this problem by apparently omitting a material fact to procure the deeming of the admissions. *Wilcox* did not confront these issues.

### III

O'rrell makes a vague request for sanctions against DLI and its counsel. She cites as authority only Code of Civil Procedure section 2033.280. This request should have been made in the trial court. We will not entertain it now.

6

The parties raise other issues unnecessary to the resolution of the case.

## DISPOSITION

We reverse the judgment, remand for further proceedings, and award costs to O'rrell.


WILEY, J.

WE CONCUR:


BIGELOW, P. J.


STRATTON, J.